Dan Jack Combs, Pikeville, for appellant.

William J. Baird, Pikeville, for appellees.

Earnest JOHNSON, Appellant,

v.

EASTERN COAL CORPORATION et al., Appellees.

Court of Appeals of Kentucky.

Feb. 25, 1966.

WADDILL, Commissioner.

This is an appeal from a judgment upholding an order of the Workmen's Compensation Board which in effect refused to review an award of certain compensation benefits to appellant, Earnest Johnson.

Subsequent to sustaining a work-connected accidental injury in 1957 Johnson and his employer, appellee Eastern Coal Corporation, executed and filed with the Board an agreement settling Johnson's workmen's compensation claim. This was approved and thereby became an award of the Board. Pursuant to its terms compensation was paid by the company to Johnson.

Later Johnson moved to reopen the award (KRS 342.125) alleging a change of his condition due to traumatic neurosis. The motion was sustained and evidence was heard. On November 9, 1962, the Board found that Johnson was disabled by a neurotic condition stemming from the 1957 accident and injury and concluded that he should receive an additional award of compensation benefits. On October 13, 1964, Johnson filed with the Board an applica-

tion for a full Board review of the award claiming it was inadequate. The Board refused to review the proceedings and Johnson then filed an appeal in the Pike Circuit Court pursuant to KRS 342.285. The circuit court examined the merits of the case and entered judgment unholding the award.

On this appeal Eastern Coal Corporation contends, as it previously contended before the Board and in the circuit court, that the Board was not authorized to consider the application for review because it was not timely filed. Since this contention is meritorious we do not reach the argument urged by appellant for reversal.

■ The applicable statute, KRS 342.281, provides that an application for review of an award may be made within fourteen days from the date of the award. We have held that strict compliance with this section is mandatory to obtain a full Board review. Jones v. Davis, 246 Ky. 293, 54 S.W.2d 681.

■ In the instant case the award was dated November 9, 1962. The application for review of this award was filed October 13, 1964. Obviously the time for filing this application had expired and the Board properly refused to consider it. Inasmuch as Johnson was not entitled to the review he sought and since the circuit court refused to give appellant any relief, though for another reason, the judgment will not be disturbed.

The judgment is affirmed.