COMMONWEALTH of Kentucky, DEPART-
MENT OF MENTAL HEALTH, et al.,
Appellants,

v.

Ann B. ROBERTSON et al., Appellees.

Court of Appeals of Kentucky.

Nov. 28, 1969.

James M. Graves, William P. Swain, Boehl, Stopher, Graves & Deindoerfer, Louisville, for appellants.

Fred F. Bradley, Morris E. Burton, Martin Glazer, Frankfort, for appellee Department of Labor.

Thomas R. Emerson, Frankfort, for appellee Department of Labor, Special Fund.

STEINFELD, Judge.

On April 30, 1963, Ann Robertson, then employed as a supervisor of the stenographic pool in the Department of Mental Health of Kentucky, fell down a flight of stairs and was seriously injured. She filed application for benefits under the workmen's compensation law and on August 5, 1968, was awarded $38.00 per week for a period of 425 weeks for total permanent disability. KRS 342.095. Additionally the board allowed her certain medical, hospital and/or surgical expenses in an amount not to exceed $2,500.00. KRS 342.020(1).

On August 16, 1968, her employer and its insurance carrier filed in the Franklin Circuit Court a petition for review seeking to reverse the action of the board. This review is in the nature of an appeal allowed by KRS 342.285, if taken from a final order of the board within 20 days of that order. On that same day Ann filed with the board a petition for reconsideration (KRS 342.281) in which she claimed that the award for medical expenses was erroneous and that she was entitled to have more than the board had allowed. KRS 342.020(2). A few days later Ann moved the Franklin Circuit Court to dismiss the petition for review on the ground that the order appealed from was not a final order because the board had pending before it her petition for reconsideration. The motion was sustained and the Franklin Circuit Court dismissed the proceedings before it. From the order of dismissal the employer and its insurance carrier have appealed here. KRS 342.290.

Ann's counsel moved to dismiss this appeal contending that the order of the Franklin Circuit Court was not final, that it "* * * held merely that the Petition for Review of appellants was premature, since a properly filed Petition for Reconsideration was pending before the Board, and that it had no jurisdiction to review the case until the Board has ruled on the Petition for Reconsideration." She relies on CR 73.01 and CR 54.01. The former rule provides: "(1) The mode of bringing a final order of judgment of a court to the Court of Appeals for reversal or modification shall be an appeal." CR 54.01 in part states that "A final or appealable judgment is a final order adjudicating all the rights of all the parties in an action or proceeding, * * *". She says that the circuit court did not adjudicate any rights. The appellant responds that the order of the court entered October 9, 1968, was a final order from which an appeal to this court was authorized. We agree. North American Refractories Co. v. Day, 284 Ky. 458, 145 S.W.2d 75 (1940).

We now reach the question of the correctness of the action of the circuit court in dismissing the proceedings there. To answer we must determine the effect of the petition for reconsideration filed pursuant to KRS 342.281 the same day on which the petition for review was lodged with the circuit court. That statute reads:

"Within fourteen days from the date of the award, order or decision any party may file a petition for reconsideration of the award, order, or decision of the full board. The petition for reconsideration shall clearly set out the errors relied upon with the reasons and argument for reconsideration of the pending award, order, or decision. All other parties shall have ten days thereafter to file a response to the petition. The board shall be limited in such review to the correction of errors patently appearing upon the face of the award, order, or decision and shall overrule the petition for recon-

sideration or make such correction within ten days after submission."

Appellants contend that the petition for reconsideration was not well founded but we find nothing that so convinces us. The appellants say that it was essential that the alleged errors patently appear "* * * upon the face of the award" and they argue that "The obvious purpose of the statute * * * is to provide for the correction of clerical errors or things of a similar nature which appear upon the award." We do not give the statute such narrow construction. KRS 342.004. Before the award was made on August 5, 1968, medical expenses had been proved. Without hearing more the board must have concluded that it had inadvertently failed to allow the additional $1,000.00 because it did so on November 12, 1968.

KRS 342.285(1) provides:

"An award or order of the board as provided in KRS 342.275, if petition for reconsideration is not filed as provided for in KRS 342.281, shall be conclusive and binding as to all questions of fact, but either party may within twenty days after the rendition of such final award or order of the board, by petition appeal to the circuit court that would have jurisdiction to try an action for damages for the injuries if this chapter did not exist, for the review of such order or award, the board and the adverse party being made respondents. The board shall be named respondent as the Workmen's Compensation Board, and service shall be had on the director."

The appeal was taken, but when Ann timely filed with the board the petition for reconsideration it destroyed the finality of the award made August 5, 1968, therefore, the circuit court properly dismissed the appeal.

Appellant claims that the board erroneously found that Ann was totally and permanently disabled, that it ig-

nored the medical testimony and that it should have imposed liability on the special fund rather than on the employer. We do not reach these contentions because they were not considered below.

The judgment is affirmed.

All concur.