**FORD FURNITURE COMPANY, Appellant,**

v.

**Sam Robert CLAYWELL and Workmen's Compensation Board, Appellees.**

*Court of Appeals of Kentucky.*

Dec. 3, 1971.

Maxey B. Harlin and William J. Rudloff, Harlin, Parker, Lucas & English, Bowling Green, for appellant.

J. Keller Whitaker, Workmen's Compensation Bd., Frankfort, for Workmen's Compensation Bd.

H. Jefferson Herbert, Jr., Glasgow, for Sam Robert Claywell.

STEINFELD, Judge.

Sam Robert Claywell, an appellee herein, was injured in a work-connected accident on May 15, 1968, while employed by appellant Ford Furniture Company. At that time his duties were to transport and deliver furniture for his employer, for which he earned $55.80 per week.

On June 3, 1968 Claywell made application for benefits under the Workmen's Compensation Act. He was paid for temporary total disability, medical and hospital expenses. On August 31, 1970, the Board held that Claywell had not sustained permanent physical disability but that he had incurred a psychiatric disability. Its opinion stated that Claywell was unable to resume his regular occupation but that it was uncertain as to whether the disability was permanent. Wherefore, it entered an open-end award for total disability.

Ten days later the employer filed a "Motion and Application", supporting it with an affidavit stating that Claywell was re-employed by appellant on September 22, 1969, and, since his re-employment, had done the same type of work as before the accident and that he was working full time and earning approximately $77.00 per week. The Board overruled " * * * defendant's motion to reopen," whereupon, the furniture company filed its petition for review in the Allen Circuit Court. From a judgment affirming, this appeal was taken by the employer. We reverse.

■ Ford argues that the court erred in failing to remand the proceedings to the Board with directions to revoke the award and to reopen the case and permit the furniture company to introduce proof on Claywell's ability to work. It says that "(w)hen the Board rendered its opinion and award, (it) had three courses open to it, as follows:

"1. To ask the Board pursuant to the provisions of KRS 342.125 to review its opinion and award by showing a change of condition, mistake or fraud. This could be done at any time after the entry of the opinion and award.

"2. To ask the Board pursuant to the provisions of KRS 342.281 to reconsider its opinion and award. This had to be done within 14 days after the date of the award.

"3. To appeal to the Circuit Court pursuant to the provisions of KRS 342.-285. This had to be done within 20 days after the rendition of the award or final order of the Board."

It claims that the motion " * * * could be considered as a motion pursuant to KRS 342.125, or in the alternative, as a petition under KRS 342.281." The latter statute limits the Board to correcting " * * * errors patently appearing upon the face of the award, order, or decision * * *." We hold that the alleged error could not be reached under KRS 342.281 as the record considered by the Board supported its decision. Cf. Commonwealth, Dept. of Mental Health v. Robertson, Ky., 447 S.W.2d 857 (1969). Ford's right to appeal to the circuit court was not questioned.

We have related that Claywell returned to his former employment on September 22, 1969. The record reveals that as late as July 7, 1970, proof was being taken. The last witness, Dr. Carl Weisel, stated that Claywell told him he was doing some work at the time he examined him on March 27, 1970. It was not until after the opinion and award was rendered on August 31, 1970, that the employer attempted to show that Claywell was employed full time, making no complaints, and demonstrating no disability as he performed his duties in the same manner as before the accident.

KRS 342.125(1) provides in part "(U)pon * * * the application of any party interested and a showing of change of conditions * * * the board may at any time review any award * * *." This being an open-end award, it is our opinion that the Board should have treated the "Motion and Application", accompanied by the uncontroverted affidavit, as a proceeding to terminate under KRS 342.-125(1), predicated on a "change of conditions". The papers filed with the Board showed that further inquiry should then be made with respect to the open-end award to determine the rights of the parties after the motion was made. Turner Elkhorn Mining Co. v. O'Bryan, Ky., 414 S.W.2d 410 (1967).

The judgment is reversed with directions to remand the proceeding to the Workmen's Compensation Board for further proceedings consistent herewith.

All concur.