James R. YOCOM, Commissioner of Labor and Custodian of the Special Fund, Successor to Thomas E. Raney, Successor to John W. Young, et al., Appellants,

v.

Joseph Roy PAYNE and Workmen's Compensation Board of Kentucky, Appellees.

Court of Appeals of Kentucky.

May 3, 1974.

Rehearing Denied Sept. 6, 1974.

Gemma M. Harding, Dept. of Labor, Louisville, Robert D. Hawkins, Chief Counsel for Special Fund, Frankfort, Marvin P. Nunley, Owensboro, William Kiel, Louisville, for appellants.

John W. Beard, Owensboro, J. Keller Whitaker, Director, Workmen's Compensation Board, Frankfort, for appellees.

STEPHENSON, Justice.

The Daviess Circuit Court affirmed an award of the Workmen's Compensation Board finding Payne permanently and totally disabled. The award provided that Arthur W. Baird, d/b/a Baird's Plumbing and Heating Company, be liable for 25%, Parrish Avenue Plumbing and Hardware, Inc., 25%, and the Special Fund 50%. Both employers and the Special Fund appeal. We reverse.

Payne filed a claim against Baird for a back injury which occurred in 1967. Later he filed a claim against Parrish for another back injury which occurred in 1968. The two claims were consolidated for hearing by the Board, and the Special Fund was made a party.

In its findings of fact, the Board found Payne 25% permanently partially disabled as a result of the April 11, 1967, injury while an employee of Baird and 25% permanently partially disabled as a result of the April 17, 1968, injury while an employee of Parrish. The Board further found that Payne had a prior injury to the back as a result of a 1961 injury and suffered 50% disability as a result of the arousal of a dormant, nondisabling, pre-existing condition into disabling reality as a result of the accidents of April 11, 1967, and April 17, 1968.

After the award of the Board was entered on September 20, 1971, petitions for reconsideration were filed by Parrish and by Baird. The Special Fund did not file a petition for reconsideration. By order dated October 4, 1971, the Board overruled the petition filed by Parrish. On November 8, 1971, the Board entered an order overruling the petition filed by Baird.

On October 14, 1971, Parrish filed its appeal in Daviess Circuit Court; on November 22, 1971, Baird filed its appeal in Daviess Circuit Court; and on November 26, 1971, the Special Fund filed an appeal in the Daviess Circuit Court.

The three appeals were consolidated by the trial court and the award of the Board was affirmed by judgment which further held that the appeal of the Special Fund was not timely filed.

The Special Fund contends that the appeal was timely, and we agree. The Board consolidated the two cases for hearing, and thereafter they were treated as one case. The Special Fund was under no obligation to file a petition for reconsideration. When Baird and Parrish filed their petitions for reconsideration pursuant to KRS 342.281, the finality of the award was destroyed. Smyzer v. B. F. Goodrich Chemical Company, Ky., 474 S.W.2d 367 (1971), and Commonwealth, Department of Mental Health v. Robertson, Ky., 447 S.W.2d 857 (1969). We are of the opinion that the same rule should apply when there are multiple parties and multiple petitions for reconsideration as when there is only one party filing the petition for reconsideration as in Smyzer, supra. The finality of the award having been destroyed by the filing of the petition for reconsideration, the entire case as to all parties should be held in abeyance until the last of multiple petitions for reconsideration has been overruled. Until that time, the Board could change its award and a prior appeal would be premature, Robertson, supra: The cases having been consolidated, there remains one case; and the fact that the Board entered separate orders at different times on the petitions would be of no significance as to the time to appeal. When the last petition was overruled, the award again became final and the time for appeal to the circuit court as provided in KRS 342.285 again commenced. To hold otherwise would be to

set a series of procedural traps and to invite premature appeals to the circuit courts.

■ The uncontradicted medical evidence is that Payne suffered a disability from the 1961 accident for which he was compensated. This was a pre-existing active condition, and there is no evidence to support the finding of the Board that Payne suffered from a pre-existing dormant nondisabling condition which was brought into disabling reality. KRS 342.-120(1)(b).

■ The Board erroneously failed to apply the formula set out in Young v. Fulkerson, Ky., 463 S.W.2d 118 (1971).

The judgment is reversed with directions to remand to the Workmen's Compensation Board for further proceedings consistent with this opinion.

OSBORNE, C. J., and MILLIKEN, PALMORE, REED, STEINFELD and STEPHENSON, JJ., concur.

JONES, J., dissents.

JONES, Justice (dissenting).

I respectfully dissent from the majority opinion for the following reasons:

(1) The Special Fund was made a party to the proceedings before the Board, but did not file a petition for reconsideration and the award of the Board became final as to the Special Fund on October 4, 1971. KRS 342.281. The Special Fund filed an appeal in the Daviess Circuit Court, under the provisions of KRS 342.285, on November 26, 1971. I am of the opinion that the appeal by the Special Fund was not timely. KRS 342.285(1) states that a party shall have twenty days from the rendition of a final award in which to take an appeal to a circuit court. In the Parrish Avenue proceeding in which the Special Fund was a defendant the opinion and award of the Board was entered on September 20, 1971, and absent a petition for rehearing by the Special Fund became final as to the Special Fund on October 4, 1971. KRS 342.-281. The Special Fund had only twenty days from that date within which to take an appeal. I am further of the opinion that the appeal filed by the Special Fund in the Baird proceeding was not timely filed within the time permitted by the statute. For these reasons this court should not consider questions presented by the Special Fund. I am not persuaded that Smyzer v. B. F. Goodrich Chemical Co., Ky., 474 S.W.2d 367 (1971) and Commonwealth, Department of Mental Health v. Robertson, Ky., 447 S.W.2d 857 (1969) stand for the proposition that the Special Fund was under no duty to file a petition for reconsideration and that when Baird and Parrish filed their petitions pursuant to KRS 342.281, the finality of the award was destroyed. The Special Fund should be required to meet the provisions of KRS 342.281 as other parties appearing before the Board are required to do and should be shown no special consideration.

(2) In the instant case the Workmen's Compensation Board found Payne to be permanently and totally disabled. The award provided that Arthur W. Baird, d/b/a Baird's Plumbing and Heating Company, be liable for 25% of the disability; Parrish Avenue Plumbing and Hardware, Inc., liable for 25%, and the Special Fund liable for 50%.

I believe that there was an abundance of evidence in the record to support the Board's finding that Payne had a dormant, non-disabling condition which was aroused into a disabling reality by reason of the two injuries which he suffered and which are the basis of his claim in this proceeding. Under the guidelines established in KRS 342.120 it is clear that the finding of the Board was based upon substantial evidence.

The evidence was evaluated by the Board. The Board made its finding which

was upheld by the Daviess Circuit Court. I am of the firm opinion that the courts are bound on factual determinations of an administrative board where there is substantial evidence of probative value to support the Board's finding and that finding is not clearly erroneous.

I would therefore affirm the judgment of the Daviess Circuit Court which upheld the findings of the Workmen's Compensation Board.