**Charles MESSAMORE, Appellant,**

v.

**PEABODY COAL COMPANY and Workmen's Compensation Board of Kentucky, Appellees.**

Court of Appeals of Kentucky.

April 28, 1978.

Rehearing Denied Sept. 1, 1978.

J. Quentin Wesley, Wesley & Simpson, Morganfield, for appellant.

Thomas L. Ferreri, Mills, Mitchell, Turner & Donan, Madisonville, for appellee, Peabody Coal Co.

Before COOPER, GANT and PARK, JJ.

PARK, Judge.

On March 5, 1974, the appellant, Charles Messamore sustained a work-related injury while employed by the appellee, Peabody Coal Company. The Workman's Compensation Board found that Messamore had suffered a permanent injury to his left leg. The board also found that this injury would

not limit his occupational opportunities to obtain the kind of work he was customarily able to do. The board made no award of income benefits for occupational disability under subparagraph (b) of KRS 342.730 (1), but it did award him income benefits for functional disability under the "price tag" statute, subparagraph (c) of KRS 342.730 (1). Messamore appeals from a judgment of the Union Circuit Court affirming the award of the board.

On this appeal, Messamore asserts that the board erred in failing to award income benefits for occupational disability. In addition, this appeal presents serious procedural questions involving multiple petitions for reconsideration of the board's award and the finality of the award for purposes of appeal.

## I

A chronological history of the case is essential to an understanding of the procedural maze through which the parties journeyed:

| | |
|---|---|
| July 12 | Original opinion and award |
| July 19 | Peabody Coal files petition for reconsideration |
| July 21 | Messamore files petition for reconsideration |
| August 2 | Board "sustains" both petitions for reconsideration and enters order amending award of July 12 |
| August 6 | Messamore appeals by filing petition for review in the Union Circuit Court |
| August 13 | Peabody Coal files second petition for reconsideration |
| August 30 | Board sustains Peabody Coal's second petition for reconsideration and amends award for second time |

Messamore did not appeal from the board's order of August 30, taking the position that the board was without jurisdiction to consider Peabody's second petition for reconsideration filed after Messamore had taken his appeal to the circuit court on August 6.

In its final judgment, the circuit court both affirmed the board's award on the merits and dismissed the appeal because of Messamore's failure to appeal from the board's last order of August 30. The circuit court took the position that the second petition for reconsideration destroyed the finality of the board's order of August 2, and that Messamore was required to file an appeal from the last order of the board on August 30.

■ Messamore first contends that he did not have to appeal from the order of August 30 because Peabody did not have the right to file a second petition for reconsideration. According to Messamore, the right to appeal from an award of the board could be frustrated if a party were permitted to file successive petitions for reconsideration before the board. A similar problem was presented to this court in *Tube Turns, Division of Chemetron v. Quiggins*, Ky.App. (decided today). In that case, the employee filed a timely petition for reconsideration setting forth certain errors in the award. The board entered an order sustaining the petition for reconsideration and corrected the award in the exact manner requested by the employee. The employee then filed a second petition for reconsideration raising a new issue. In effect, the employee was contending that he asked for inadequate income benefits in his first petition for reconsideration. This court held that, within fourteen days of the original award, the employee was required to set forth all errors relied upon (KRS 342.281) and that the employee was barred from filing a second petition for reconsideration.

This case is clearly distinguishable from the facts in the *Tube Turns* case. The board did not grant the specific relief sought by Peabody in its first petition for reconsideration, which was based upon what was deemed to be a mathematical miscalculation in the award. The board's opinion and the award of July 12 described the income benefits payable to Messamore as follows:

the sum of $19.47 per week from December 8, 1974; ($236.00 × 55% = $129.80 × 12½% = $16.23) for a period of 340 weeks, (12½% for permanent injury to plaintiff's leg) . . . . (Emphasis added)

Peabody asserted that the award of $19.47 per week for 340 weeks was a clerical misprision and that the award should be $16.23

The board's order of August 2 purported to sustain both Messamore's and Peabody's petitions for reconsideration. However, the effect of the order of August 2 was to deny Messamore's contention that he was entitled to income benefits for occupational disability. The board's order of August 2 did recognize that the original award of July 12 had not been computed correctly under subparagraph (c) of KRS 342.730 (1). For total loss of use of a leg, an employee was then entitled to 55% of average weekly wages for 340 weeks, subject to the maximum weekly benefits limitation of KRS 342.740. Under subparagraph (c) 22, in cases of permanent partial loss of use of a member, the employee was entitled to income benefits for "a period proportionate to the period benefits are payable for total loss or total loss of use of the member as such partial loss bears to total loss." The board's order of August 2 amended the award of income benefits to read as follows:

the sum of $84.00 per week from December 8, 1974 (12½% × 340) (12½% for the permanent injury to the plaintiff's leg) . . . .

Having found that Messamore had suffered a 12½% partial loss of use of the left leg, the board should have awarded $84.00 per week (the maximum benefit payable under KRS 342.740) for 42½ weeks (340 weeks × 12½%). Although this was the obvious intent of the order of August 2, that order failed to spell out precisely the period for which income benefits would be payable.

The board's order of August 2 granted new relief and contained an error not present in the original award. Peabody's second petition for reconsideration was based upon the failure of the order of August 2 to specify the termination date for the payment of benefits. On August 30, the board purported to sustain Peabody's second petition for reconsideration and attempted to amend its award of benefits to Messamore to read as follows:

the sum of $84.00 per week from December 8, 1974 (12½% for the permanent injury to the plaintiff's leg), for a period of 42.5 weeks . . . . .

When the board amends an award following a petition for reconsideration and makes a different award of benefits, the parties should not be foreclosed from seeking to correct a new error which did not appear in the original award. See Goodrich v. Industrial Accident Commission, 22 Cal.2d 604, 140 P.2d 405 (1943); Hutchins v. State Industrial Accident Commission, 163 Or. 419, 97 P.2d 944 (1940). Peabody was entitled to file a second petition for reconsideration under the particular circumstances of this case. The second petition was addressed to an error which did not appear in the original award and which could not have been raised by the first petition for reconsideration.

Messamore next contends that he did not have to appeal from the order of August 30, because the board lost jurisdiction to take any further steps in the case when he perfected his appeal from the amended award of August 2, by filing a petition for review in the Union Circuit Court on August 6. Jerry's Drive In, Inc. v. Young, Ky., 335 S.W.2d 323 (1960); Pittsburg & Midway Coal Mining Co. v. Rushing, Ky., 456 S.W.2d 816, 818 (1969). On the other hand, Peabody points out that its second petition for reconsideration was filed on August 13, within the fourteen day period for filing a petition for reconsideration following the order of August 2. KRS 342.281.[1] Accord-

---

1. KRS 342.281 provides:

Within fourteen (14) days from the date of the award, order or decision any party may file a petition for reconsideration of the award, order, or decision of the full board. The petition for reconsideration shall clearly set out the errors relied upon with the reasons and argument for reconsideration of the pending award, order, or decision. All other parties shall have ten (10) days thereafter to file a response to the petition. The board shall be limited in such review to the correction of errors patently appearing upon the face of the award, order, or decision and shall overrule the petition for reconsideration or make such correction within ten (10) days after submission.

ing to Peabody, the filing of its second petition for reconsideration destroyed the finality of the award so that no appeal could be taken until after the board's ruling on the petition for reconsideration. *Yocom v. Payne,* Ky., 512 S.W.2d 517 (1974); *Smyzer v. B.F. Goodrich Chemical Co.,* Ky., 474 S.W.2d 367 (1971); and *Commonwealth, Department of Mental Health v. Robertson,* Ky., 447 S.W.2d 857 (1969).

In order to determine whether the filing of Peabody's second petition for reconsideration destroyed Messamore's pending appeal in circuit court, consideration must be given to the facts in the three cases cited by Peabody. In *Yocum v. Payne, supra,* both the employer and employee filed petitions for reconsideration. The Special Fund did not file a petition for reconsideration, but did file a petition of appeal in the circuit court within twenty days after the last order of the board ruling on the petitions for reconsideration filed by the employer and employee. The court held only that the Special Fund's time for appeal was extended when the other parties filed petitions for reconsideration. There is nothing in the opinion indicating that the filing of a petition for reconsideration would destroy a pending appeal. In the *Smyzer* case, the employer filed a timely petition for reconsideration. The employee filed no petition for reconsideration, but did file an appeal to circuit court within twenty days after the board overruled the employer's petition for reconsideration. The filing of the employer's petition for reconsideration destroyed the finality of the original award so that the employee's time to appeal did not begin to run until the ruling on the petition for reconsideration. Again, there was no appeal pending at the time the petition for reconsideration was filed.

The facts in this case are closer to those involved in *Commonwealth, Department of Mental Health v. Robertson, supra.* In the *Robertson* case, the employer filed a petition for review in the circuit court on the same day that the employee filed a petition for reconsideration with the board. The court held that the filing of the petition for reconsideration destroyed the finality of the award, and that the circuit court properly dismissed the employer's appeal. In the present case, Peabody's second petition for reconsideration was filed seven days after Messamore had appealed by filing a petition for review in the circuit court.

■ We believe that the holding of the *Robertson* case should be limited to cases in which the petition for reconsideration before the board and the petition for review to the circuit court are both filed on the same day. The *Robertson* decision has the merit of obviating the necessity of an inquiry into which petition was filed at an earlier hour. On the other hand, we do not think that a party should be put to the expense of filing a second petition for review in circuit court merely because the other party files a petition for reconsideration before the board some days later.

In this case, justice and fairness would permit the circuit court to consider the merits of the appeal and the board to correct a patent error appearing on the face of its order. The board did not act improperly when it corrected the patent error in its order of August 2. Likewise, the circuit court acted properly in considering the merits of Messamore's appeal.

■ In the future, we believe that the problem can best be solved by following the federal practice adopted in cases in which a notice of appeal is filed prior to the filing of a timely motion for new trial or motion to alter or amend judgment. That rule has been stated as follows:

> If notice of appeal is given, the subsequent filing of a motion for a new trial, even if otherwise timely, is ineffective because jurisdiction of the case is no longer in the district court. The preferable procedure in that situation is to allow the motion to be filed in the district court. If the district court considers the motion favorably it then can ask that the case be remanded from the appellate court so that it may grant the motion.

11 Wright and Miller, *Federal Practice and Procedure* § 2821 (1973). *See also Hattersley v. Bollt,* 512 F.2d 209, 215–16 (3d Cir.

1975); 6A Moore, *Federal Practice* ¶59.09 [5] (2d ed. 1974). In the future, if the board desires to grant a timely petition for reconsideration filed after another party has perfected an appeal to circuit court, the board should indicate to the circuit court that it desires to so rule. In that event, the circuit court should remand the case to the board so that it may act on the petition for reconsideration. In such cases, the party filing the petition for reconsideration with the board should also file a cross-appeal to the circuit court in order to protect that party's rights in the event that the board does not request remand for the purpose of granting the petition for reconsideration. The cases in which this procedure should be followed will be relatively rare because most appeals are not perfected until after the time for filing a petition for reconsideration has elapsed.

■ The procedure outlined above would apply only to those cases in which no petition for reconsideration had been filed before the board at the time a petition for review was filed in circuit court. The board's jurisdiction to consider a pending petition for reconsideration would not be defeated by the subsequent filing of a petition for review. A petition for review filed subsequent to a timely petition for reconsideration is a nullity. *Cf.* 11 Wright and Miller, *Federal Practice and Procedure* § 2821.

## II

■ Turning to the merits of Messamore's appeal, we find no error in the award of the board. Messamore had returned to full time employment earning more than he earned at the time of his injury. Although there was some limitation in the flexion of Messamore's left knee, there was medical testimony that there was "a good chance" that these symptoms would gradually subside. There was ample evidence to support the board's finding that his leg injury would not limit his occupational opportunities.

Messamore relies upon subparagraph (c) 27 of KRS 342.730 (1). Under that provision an employee is not limited to the benefits payable under the "price tag" statute,

if the total or partial loss of use of a member affect his ability to labor or limits his occupational opportunities. In such cases, he is entitled to receive income benefits for permanent partial occupational disability under subparagraph (b) of KRS 342.730 (1), if such benefits are greater. Similarly, subparagraph (b) of KRS 342.730 (1) relating to income benefits for permanent partial occupational disability provides that the employee is entitled to "income benefits based on lost wages or body functional disability benefits, whichever is greater." The two provisions are complementary, and we cannot substitute our judgment for the board's decision that Messamore's body functional disability entitled him to the greatest benefits under the "price tag" statute. The evidence was not so overwhelming as to compel a finding by the board that Messamore had suffered a permanent partial occupational disability within the scope of subparagraph (b) of KRS 342.730 (1). *Couliette v. International Harvester Co.,* Ky., 545 S.W.2d 936 (1976).

The judgment of the circuit court is affirmed.

All concur.