TUBE TURNS DIVISION OF CHEMETRON, Appellant,

v.

Kenneth QUIGGINS and Workmen's Compensation Board, Appellees.

Court of Appeals of Kentucky.

April 28, 1978.

Discretionary Review Denied
Jan. 9, 1979.

Wesley G. Gatlin, Wm. P. Swain, Thomas H. Watson, Boehl, Stopher, Graves & Deindoerfer, Louisville, for appellant.

Robert M. Lindsay, Louisville, for appellees.

Before MARTIN, C. J., and REYNOLDS and WILHOIT, JJ.

REYNOLDS, Judge.

This is an appeal from an opinion and final order of Jefferson Circuit Court, affirming an award of the Workmen's Compensation Board.

On June 21, 1976, the Board entered an award for the appellee, Kenneth Quiggins, permitting him a recovery of 17% occupational disability for a period of 425 weeks with medical expenses to be paid by the employer, not to exceed $3,500.

On June 22, 1976, appellee filed a petition for reconsideration and therein set out two errors, one of which was the restriction of the employee's payments to 425 weeks and, second, that there was no dollar amount for weekly benefits. Appellee specifically requested the following paragraph to be substituted in place and instead of paragraph 1 of the Board's original opinion and award:

> That the plaintiff, Kenneth Quiggins, shall recover of the defendant, Tube Turns, for 17% occupational disability, or the sum of $19.51 from December 16, 1974, so long as he is disabled, together with interest at the rate of 6% per annum on all past due and unpaid installments of any such compensation, and said defendant shall take credit upon this Award for any weekly compensation heretofore paid to the plaintiff.

On June 23, 1976, appellee filed an amendment to the petition for reconsideration which re-emphasized the argument of the original petition for reconsideration and renewed, word for word, the correction sought and, additionally, sought the deletion of the limitation upon medical expenses.

On July 12, 1976, the Board entered an order sustaining every issue raised by the appellee and corrected the award in the exact manner as requested by the appellee.

On July 22, 1976, appellee filed a second petition for reconsideration for the reason that the employee had been awarded weekly benefits of $19.51 and was entitled by virtue of *Apache Coal Company v. Fuller*, Ky., 541 S.W.2d 933 (decided June 11, 1976; rehearing denied November 12, 1976), to the amount of $28.00 weekly benefits. Thereafter on August 9, 1976, the Board entered an order which "passed" the motion "at this time", to be reconsidered after the *Apache* case became final.

Thereafter on March 2, 1977, appellee filed a motion for a ruling upon his second petition for reconsideration, and the Board on March 22, 1977, sustained appellee's second petition for reconsideration and amended its award of June 21, 1976, increasing the weekly benefits to the sum of $28.00.

The question before the court in this case is whether an aggrieved party may file a second petition for reconsideration more than 14 days after the date of the first award but within a period of 14 days from the entry of the Board's corrective order and award. As cited by the parties, *Commonwealth v. Robertson*, Ky., 447 S.W.2d 857 (1969), affirms that an award, order or decision of the full Board becomes final immediately upon its entry but that a petition for reconsideration destroys the finality of the award. However, the scope of the limitation on the Board's right of review was not presented in that case. *Beth-Elkhorn Corporation v. Nash*, Ky., 470 S.W.2d 329 (1971). The exact issue relating to K.R.S. 342.281 and the filing, by the same party, of a second petition for reconsideration has not been determined by our courts. While not controlling, the case of *Washington v. Clover Fork Coal Co.*, 269 Ky. 604, 108 S.W.2d 502 (1937), considered an analo-

gous question relating to such procedure as then controlled by a statute (since repealed) relating to a second Board review which was denied. It is evident that the petition for reconsideration not only must be filed within 14 days from the date of the award of the full Board but that it shall clearly set out the errors relied upon and that the Board shall be limited in such review to the correction of errors patently appearing upon the face of the award. Herein, following the entry of the original award, appellee timely filed a petition for reconsideration and a timely amendment which set out the errors relied upon.

 We hold K.R.S. 342.281 to mean that any party may file a petition for reconsideration within 14 days from the date of the award which, in this case, was June 21, 1976. Within 14 days, appellee, by his petition and amendment, set out all errors relied upon, and the Board, limited in its review, corrected all errors relied upon by the appellee and patently appearing upon the face of the award. Neither the statute nor the Board's regulations extend the time or provide for the filing of a petition for reconsideration more than 14 days after the date of the award, which means the original order, award or decision and the date of its entry. We do not construe the statute as permitting a party to file a petition for reconsideration or, in effect, a second petition for reconsideration more than 14 days from the date of the original award, except where the subsequent order contained an error not present in the original award and, therefore, could not have been raised by the first petition for reconsideration. *Messamore v. Peabody Coal Co.*, Ky.App., 569 S.W.2d 693. The statutory limitation is clear. The apparent justification is that if parties adversely affected could continue to ask for reconsideration, a final determination could be unduly delayed, and there would never be an end to workmen's compensation litigation. To hold otherwise would be to provide a series of procedural traps and delays. *Johnson v. Eastern Coal Corporation*, Ky., 401 S.W.2d 230 (1966). Additionally, the mere fact that a new appellate decision, that may be prospectively favorable to the appellee, has appeared is not enough to permit the filing of a second petition for reconsideration after the right to file the petition for reconsideration has been lost. Appellee's remedy was not by K.R.S. 342.281.

The judgment is reversed with directions to remand to the Workmen's Compensation Board for the entry of its order of July 12, 1976.

All concur.