Ron RICE, d/b/a Dollar General Store and Aetna Life & Casualty, Appellants,

v.

Philbert McCOY and Workmen's Compensation Board of Kentucky, Appellees.

Court of Appeals of Kentucky.

Aug. 3, 1979.

Discretionary Review Denied Dec. 12, 1979.

Max D. Picklesimer, Johnson, Dunnigan & Martin, Ashland, for appellants.

James E. Adkins, II, Adkins, Adkins & Hall, Catlettsburg, for appellee, Philbert McCoy.

Before WHITE, HOWARD and VANCE, JJ.

WHITE, Judge.

This is an appeal from the Carter Circuit Court holding appellee's petition for review from a Workmen's Compensation Board order timely. The holding of the Carter Circuit Court in turn depends upon the timeliness of filing of a petition for reconsideration before the Board.

Appellee Philbert McCoy filed a claim with the Workmen's Compensation Board seeking benefits as a surviving spouse. The Board entered an opinion and award on April 4, 1978, denying benefits but awarding burial expenses not to exceed $1500.

A petition for reconsideration was filed by appellee with the Board on April 19, 1978. Appellants then filed a response, contending the petition (1) should be denied on its merits and (2) was not timely filed. Appellee then filed a motion moving the Board to "consider his Petition for Reconsideration even if the same was received by the Board on April 19, 1978."

On May 3, 1978, the Board entered an order overruling appellee's "petitions for reconsideration, filed herein April 19 and 25, 1978."

On May 11, 1978, appellee appealed the Board award to the Carter Circuit Court. Appellants answered, resisting the complaint on its merits and as not timely filed. Appellants moved to dismiss appellee's petition for review and complaint on the grounds of untimely filing.

The circuit court overruled appellants' motion and remanded the case to the Board for reconsideration of appellee's petition for reconsideration. The circuit court found that the Board should not have denied the petition because "[g]ood cause for late filing was adequately shown by the record." Appellant now seeks review of the circuit court's judgment.

KRS 342.285(1) requires that an appeal from a Board opinion be filed in the appropriate circuit court within 20 days after entry, unless a petition for reconsideration is filed pursuant to KRS 342.281. KRS 342.281 provides that a petition for reconsideration be filed within 14 days from the date of entry of the Board opinion and award.

Under Workmen's Compensation Board Regulation 803 KAR 25:010, Section 1(7), "[t]he date of filing is the date the pleading, motion or other document is received by the board at its office at Frankfort, Kentucky."

The award was entered April 4, 1978. The petition for reconsideration was received by the Board on April 19, 1978, one day after the 14 day period provided in KRS 342.281. However, appellee filed a motion for consideration of his petition on the grounds of good cause for late filing. The Board overruled both petitions for reconsideration.

KRS 342.281 is mandatory; a showing of good cause offers no relief from its provisions. In *Johnson v. Eastern Coal Corporation*, Ky., 401 S.W.2d 230, 231 (1966), the court held that "strict compliance with this section is mandatory to obtain a full Board review."

Appellee's petition for reconsideration was untimely filed and the Board properly overruled it. We note that a dismissal would have been the more appropriate ruling by the Board; however, overruling the petition accomplished the same result.

Since the petition for reconsideration was untimely taken, any right of appeal to the circuit court was lost. KRS 342.285 is jurisdictional. "The language of the statute is plain as to the time in which to appeal. The time within which a petition for review must be filed is mandatory, and if it is not

complied with the circuit court acquires no jurisdiction." *Kendrick v. Fields,* Ky., 384 S.W.2d 64 (1964).

For the foregoing reasons, the judgment of the Carter Circuit Court is reversed with instructions to dismiss the appeal.

All concur.