**John Calhoun WELLS, Secretary of Labor Cabinet (Special Fund), Appellant,**

**v.**

**BETH-ELKHORN COAL CORPORATION; Elsie Mae Mullins (Widow of Ray E. Mullins); and Workers' Compensation Board, Appellees.**

**BETH-ELKHORN CORPORATION, Cross-Appellant,**

**v.**

**Elsie Mae MULLINS (Surviving Spouse of Ray E. Mullins, Deceased); John Calhoun Wells, Secretary of Labor Cabinet (Special Fund); and Workers' Compensation Board, Cross-Appellees.**

Court of Appeals of Kentucky.

Dec. 27, 1985.

Rehearing Denied March 14, 1986.

Discretionary Review Denied and Opinion Ordered Published by Supreme Court May 13, 1986.

Cyril E. Shadowen, Labor Cabinet, Louisville, for appellant/cross-appellee, Special Fund.

Bennett Clark, Stoll, Keenon & Park, Lexington, for appellee/cross-appellant, Beth-Elkhorn Corp.

Joseph W. Justice, Pikeville, for appellee/cross-appellee, Elsie Mae Mullins.

Before HAYES, C.J. and HOWARD and WHITE, JJ.

WHITE, Judge.

This is an appeal by the Special Fund from a Judgment of the Pike Circuit Court ruling the Opinion and Award of the Workers' Compensation Board was clearly erroneous. The employer, Beth-Elkhorn, cross-appeals from the Circuit Court's ruling that the Board was precluded from changing or correcting its apportionment percentages as a patent error.

On March 10, 1982, Ray Mullins suffered a heart attack while at work. At the time, he and another employee were attempting to pry loose a large piece of metal with a crowbar. Mullins was taken to the hospital where he died ten days later. On May 7, 1984, the Workers' Compensation Board found Mullins's death to be work related and awarded his wife widow's benefits. The Board's findings adopted the testimony of pathologist Kanti Patel, who observed that Mullins had an underlying condition of atherosclerosis which combined with his on-the-job exertion to cause a myocardial infarction and, ultimately, his death. The Board apportioned liability for benefits equally between Beth-Elkhorn and the Special Fund.

Within days of the rendering of those findings, the Supreme Court published the case of *Stovall v. Dal-Camp, Inc.*, Ky., 669 S.W.2d 531 (1984). In brief, the *Dal-Camp* opinion stated that, in cases where underlying heart conditions, otherwise nondisabling, are triggered into disability by exertion while at work, the Special Fund should bear full responsibility for benefits awarded. Armed with this decision, Beth-Elkhorn, on May 11, 1984, filed a petition with the Board to reconsider, pursuant to KRS 342.281. This petition was sustained by the Board on July 23, 1984. The Special

Fund appealed to the Pike Circuit Court from that finding, arguing, in relevant part, that the Board had no authority under KRS 342.281 to reconsider its May 7 decision. Beth-Elkhorn also filed what it termed a "cautionary appeal" on August 6, 1984. In that appeal, it argued that the Board did have power under the statute to grant its petition for reconsideration, but if the Circuit Court found it did not, then the original May 7 findings of the Board, taken in light of *Dal-Camp*, were clearly erroneous. Beth-Elkhorn designated the May 7 findings as the final order from which it was appealing. By way of answer, the Special Fund argued that Beth-Elkhorn, having appealed from a nonfinal order, should have its appeal dismissed.

The Pike Circuit Court issued its opinion on October 10, 1984. The Court found (1) that the Workers' Compensation Board did not have authority under KRS 342.281 to grant Beth-Elkhorn's petition to reconsider and (2) that the Board's May 7 findings were, in fact, clearly erroneous. The Special Fund appeals the second finding, contending again that Beth-Elkhorn's appeal should be dismissed for failure to designate a final and appealable order. Beth-Elkhorn, on the other hand, attacks the first finding, via its cross-appeal, arguing that the Board did indeed have the right to grant its petition to reconsider. Thus, the issues presented to us may be phrased as follows: (1) Did the Workers' Compensation Board have the power under KRS 342.-281 to modify and correct its opinion and award based on a claim that its apportionment of the award was in direct contravention of the law in this state? (2) Should Beth-Elkhorn's appeal be dismissed because the May 7 findings were not final or appealable on August 6, 1984?

We do not find it necessary to consider the Special Fund's argument concerning the proper order from which Beth-Elkhorn should have appealed as we find the Board did indeed have authority under KRS 342.-281 to correct its Opinion and Award to represent the correct state of the law.

The Board's findings stated that the decedent had an underlying atherosclerotic condition and that his exertion on the job triggered that condition, which caused him to have a heart attack. The circumstances of *Dal-Camp* were virtually identical. There is no question that the Board's apportioning of liability in Mullins's case was legally incorrect. We must then determine whether or not the statute permitted the Board to summarily correct itself as it did in this case.

KRS 342.281 sets out the procedure by which an aggrieved party can petition the Board to correct its findings if there is an error "patently appearing" on its face. Ordinarily, the petition is made in cases where a mathematical mistake or error in computation of certain time periods or dates appears. However, the statute is to be liberally construed and is not intended merely to address clerical errors but all patent errors. *Commonwealth, Department of Mental Health v. Robertson*, Ky., 447 S.W.2d 857 (1969). The Board is limited in its granting of the petition in one respect, however. The petition may not be granted if it appears that the Board has reconsidered the case on its merits and/or changed its factual findings. *Beth-Elkhorn Corporation v. Nash*, Ky., 470 S.W.2d 329 (1971).

We find that no such alteration or amendment of the findings occurred in this case. The Board did not conduct a trial de novo on the merits. The fact is that Mullins's death was originally found to be work related, and the amount and duration of benefits awarded to his wife were not changed. The Board merely altered its apportionment to reflect Kentucky's interpretation of the Workers' Compensation Statutes in this area in light of the *Dal-Camp* case. Therefore, we hold that the Board did indeed have the power both to hear and to grant Beth-Elkhorn's petition for reconsideration in this instance to correct a patent error of law on the face of the award.

Inasmuch as we reverse on cross-appeal, it becomes unnecessary to address appellant's contentions as they are moot. There-

fore, this case is reversed and remanded to the Pike Circuit Court with the instruction that it affirm the Board's sustaining of Beth-Elkhorn's petition for reconsideration.

All concur.