**Linda S. FRANCIS, Appellant,**

v.

**GLENMORE DISTILLERIES, Special Fund and Workers' Compensation Board, Appellees.**

Court of Appeals of Kentucky.

Sept. 26, 1986.

Case Ordered Published by Court of Appeals Oct. 31, 1986.

Richard S. Taylor, Taylor, Burlew, Meyer & Hutchinson, Owensboro, for appellant.

John H. Helmers, Holbrook, Gary, Wible & Sullivan, Owensboro, for appellee, Glenmore Distilleries.

Cyril Shadowen, David R. Allen, Labor Cabinet, Louisville, for appellee, Special Fund.

Before CLAYTON, DUNN and LESTER, JJ.

LESTER, Judge.

This is an appeal from an order of the Daviess Circuit Court dismissing Linda Francis' appeal from the opinion and award of the Workers' Compensation Board. The court's order stated that it lacked jurisdiction in this matter due to the appellant's failure to file a timely petition for reconsideration with the Board as required by KRS 342.281 and KRS 342.285.

After the Workers' Compensation Board issued its opinion and award denying her compensation for permanent occupational disability, she filed a petition on appeal to the Daviess Circuit Court. The appellee, Glenmore Distilleries, had previously filed a petition for reconsideration with the Board concerning the amount of temporary total disability benefits awarded the appellant. However, Ms. Francis did not file a petition for reconsideration. The circuit court found that the statutes cited above

and the case of *Eaton Axle Corp. v. Nally,* Ky., 688 S.W.2d 334 (1985), required the dismissal of an appeal when the petitioner had failed to file a timely petition for reconsideration to the Workers' Compensation Board. We disagree.

> KRS 342.281 states in pertinent part: The board shall be limited in such review to the correction of errors patently appearing upon the face of the award, order, or decision and shall overrule the petition for reconsideration or make such correction within ten (10) days after submission.

The *Eaton* case *supra,* held that the issue of notice which is a critical threshold question must be addressed by the Board in its award and opinion. The court found that failure to address the question was an error which was patent on the face of the award. This issue was later discussed in the case of *Wells v. Beth-Elkhorn Coal Corp.,* Ky.App., 708 S.W.2d 104, at 106 (1985), where the court stated that:

> ... (T)he statute is to be liberally construed and is not intended merely to address clerical errors but all patent errors.... The Board is limited in its granting of the petition in one respect, however. The petition may not be granted if it appears that the Board has reconsidered the case on its merits and/or changed its factual findings.... (citations omitted)

The court referred to the case of *Beth-Elkhorn Corp. v. Nash,* Ky., 470 S.W.2d 329, 330 (1971), where it is held that:

> The statutory limitation (of KRS 342.281) is clear and positive. It expresses the legislative policy that the Board shall not have authority to reverse itself on the merits of the claim.

■ Therefore, clearly, the test is whether the error to be addressed by the Board is apparent or "patent". In the *Eaton* case, the omission of any finding of the issue of notice was clearly patent as that is a required finding by the Board. Likewise, the omission contained in the case of *Commonwealth Dept. of Mental Health v. Robertson,* Ky. 447 S.W.2d 857 (1969), was apparent when the award failed to allow for expenses which had been proved. In the present case, however, the issue is whether the findings of the Board were proven by substantial evidence. That issue goes to the merits of the case and is not a proper subject to be addressed by the Board in a petition for reconsideration. Therefore, the court erred in dismissing this appeal because the appellant failed to file such a petition.

■ Further, we hold that the notice of appeal filed by the appellant was timely as in the *Robertson* case, *supra.* When a motion for reconsideration was filed by the appellee, it destroyed the finality of the award rendered on October 22, 1984. Thus, the notice of appeal was properly filed within twenty days of the subsequent final award which was entered November 20, 1984.

For these reasons, the order of the circuit court dismissing the appeal is vacated and this matter is remanded to the circuit court for a determination of the merits of the appeal.

All concur.

## ORDER

Having considered the motion of The Special Fund to publish the opinion rendered herein on September 26, 1986, and having considered the appellant's response to that motion, and having been otherwise sufficiently advised, the Court ORDERS that the motion be, and it is hereby, GRANTED. The attached Page 1 which notes that the opinion has been ordered published is ORDERED substituted for the corresponding page as originally rendered.