Robert L. WHITTAKER, Director of Special Fund, Appellant,

v.

Glenda K. WRIGHT; Transitional Health Services; Donna Terry, Administrative Law Judge; and Workers' Compensation Board, Appellees.

TRANSITIONAL HEALTH SERVICES, Appellant,

v.

Glenda K. WRIGHT; Special Fund; Donna Terry, Administrative Law Judge, and Workers' Compensation Board, Appellees.

Nos. 98–SC–58–WC, 98–SC–59–WC.

Supreme Court of Kentucky.

May 21, 1998.

David W. Barr, Louisville, for Special Fund.

Miller Kent Carter, Branham & Carter, P.S.C., Pikeville, for Glenda Wright.

Walter A. Ward, Kimberly D. Newman, Clark, Ward & Cave, Lexington, for Transitional Health Services.

WINTERSHEIMER, Justice.

This appeal is from an opinion of the Court of Appeals reversing a decision by the Workers' Compensation Board which dismissed an appeal filed by Wright as nonfinal.

The question presented is whether the doctrine of relation forward should apply in a workers' compensation case when an appeal is prematurely filed prior to an order becoming final.

On December 17, 1996, the Chief Administrative Law Judge rendered an opinion awarding Wright temporary total and permanent partial disability benefits, as well as medical expenses. Three days later, on December 20, Wright's employer, Transitional Health Services, filed a timely petition for reconsideration. Prior to a ruling on this petition, Wright, on January 13, 1997, appealed to the Board from the ALJ's opinion and award. On January 17, the Special Fund filed a motion to dismiss the appeal on the ground that since a petition for reconsideration was pending, the ALJ's opinion and award were not yet final and appealable. The ALJ ruled on the petition for reconsideration on January 23. Thereafter, on February 7, apparently unaware that the petition for reconsideration had been ruled upon, the Board ordered Wright's appeal dismissed as having been taken from a nonfinal order. Wright appealed to the Court of Appeals, which reversed and remanded. The Court of Appeals held that the doctrine of relation forward should apply to appeals in workers' compensation cases. This appeal followed.

I

Wright, a nursing home dietary aide, sought permanent occupational disability benefits as a result of a work-related injury in 1995, when she injured her right hand, elbow and right shoulder when she caught

her right hand between a food cart and a door facing. This appeal involves a question of law and the facts are not in serious dispute.

Transitional Health Care Services and the Special Fund argue that the Court of Appeals abused its discretion in reversing the decision of the Workers' Compensation Board which had dismissed the appeal based on KRS 342.285, the Administrative Regulations, *Commonwealth v. Robertson*, Ky., 447 S.W.2d 857 (1969) and 803 KAR 25:011 § 11(5).

The Court of Appeals stated that they did not perceive any basis for treating an administrative appeal from a workers' compensation decision any differently than a prematurely filed civil appeal. Transitional Health Services contends that there is a difference in that workers' compensation, as a creature of statute, is controlled by statutory language and administrative regulations. They assert that KRS Chapter 342 sets forth specific procedural steps that a party must follow in filing an appeal of a workers' compensation claim. They believe that Wright failed to follow the required procedure, consequently her appeal was properly dismissed by the Board, and that the decision of the Court of Appeals was erroneous because it was not in accordance with the express language of the statute and administrative regulations.

Transitional Health Services submits that Section 28 of the Kentucky Constitution mandates that no person from one branch of government shall exercise any power properly belonging to another branch of government. The General Assembly, in providing specific guidelines regarding the filing of appeals from an Administrative Law Judge's decision, exercised the power properly belonging to that branch of government. They claim that it was erroneous for the Court of Appeals to permit the appeal to stand as timely filed despite the failure to follow the statute and regulations. They state that a court may not overstep its constitutional authority and enact new legislation in the name of interpretation. *Bedinger v. Graybill's Exr. & Trustee*, Ky., 302 S.W.2d 594 (1957), is cited in support of that proposition.

The Special Fund argues that the rule of strict compliance applies to statutory administrative appeals and the Court of Appeals erred in extending the relating forward rule. KRS 342.285 provides that an award or order of the ALJ shall be conclusive or binding if a petition for reconsideration is not filed unless an appeal is taken to the Board. If reconsideration is sought, the finality of the ALJ opinion is nullified. *Robertson, supra.* They argue that the appeal of an opinion or order from the ALJ to the Board is governed by 803 KAR 25, and that the regulations provide that an appeal must be filed within 30 days after the date of the filing of the final order of the ALJ. A final order is determined in accordance with CR 54.02(1) and (2). *See* 803 KAR 25:010 § 13(1). As support for the argument, they cite *Jenny Wiley Health Care Center v. Cabinet for Human Resources*, Ky., 828 S.W.2d 657 (1992) and *Workers' Compensation Board v. Siler*, Ky., 840 S.W.2d 812 (1992). They also claim a notice of appeal filed prior to an order overruling or sustaining a petition for reconsideration is a nullity. *See Messamore v. Peabody Coal Co.*, Ky.App., 569 S.W.2d 693 (1978). The Fund contends that it does not matter whether the ALJ rules on the petition for reconsideration while the motion to dismiss is pending because a nullity cannot be cured.

The Fund maintains that Transitional Health Services filed a petition for reconsideration on December 23, 1996 and thereby destroyed the finality of the opinion of the ALJ pursuant to *Robertson*. Wright filed her notice of appeal on January 13, 1997, while the reconsideration petition by Transitional Health Services was still pending. It concludes that by operation of law, the Wright notice of appeal was a nullity and the Board properly dismissed her appeal. The Fund submits that *Ready v. Jamison*, Ky., 705 S.W.2d 479 (1986) and *Smith*, apply only in civil and not administrative cases. The Fund asserts that applying the rule of substantial compliance in workers' compensation proceedings would erode the intent of the regulations which was to control the flow of cases and to maintain an orderly appellate process before the Board.

Counsel for Wright responds that the petition for reconsideration filed by the employer did not have any effect on the issues taken on appeal by Wright. Accordingly, with respect to the opinion and order rendered by the ALJ, it was essentially a final and appealable order as of the date it was rendered, and the doctrine of relation forward should apply to workers' compensation cases.

The Court of Appeals cited *Johnson v. Smith*, Ky., 885 S.W.2d 944 (1994) as impliedly overruling *Robertson, supra,* to the extent that those cases rely on the civil rules of procedure as a basis for dismissing premature workers' compensation appeals. The Court of Appeals panel observed that given the widespread application of the civil rules to administrative proceedings generally found in 803 KAR Chapter 25, there was no basis for treating this workers' compensation appeal any differently than a prematurely filed civil appeal. We agree with the Court of Appeals.

The review provided by KRS 342.285 relates exclusively to the appeal process before the Worker's Compensation Board. KRS 342.290 provides for an appeal to the Court of Appeals pursuant to Section 111 of the Kentucky Constitution and rules adopted by the Kentucky Supreme Court. KRS 342.290 does not conflict with Section 115 of the Constitution and does not deprive litigants before the Board of their right to review or appeal to a court. *Vessels v. Brown–Forman Distillers*, Ky., 793 S.W.2d 795 (1990).

There is a need for uniformity and stability in our approach to the application of the civil rules to Workers' Compensation matters. The decision in *Robertson* is overruled to the extent that it held that a petition for reconsideration destroys the finality of an award made by the Board and authorizing the dismissal of a prematurely filed appeal.

The central holding in *Smith, supra,* is that a civil appeal should not be dismissed simply because it is premature due to the filing of a post-judgment motion by another party. Such an appeal should be treated and construed as relating forward and deemed to have been filed upon entry of the proper final judgment. In *Smith*, we recognized that unlike tardy notices of appeal, premature notices of appeal put the appellees on notice of the intent to appeal before the expiration of the applicable time. Thus, they serve the essential purpose of the rule and are adequate to protect the needs of the appellee. *Cf. Smith.*

In this situation, none of the parties suffer any prejudice if the appeal is abated, nor would anything be gained by requiring the appellant to file still another notice of appeal. *See Smith.* Here, because the order of the ALJ actually became final before the appeal was dismissed as being premature, it is particularly applicable and no harm occurs. Consequently, we find that the Board erred in dismissing the appeal on the basis that it was taken from a nonfinal order prematurely.

The decision of the Court of Appeals is affirmed.

All concur.