RENDERED:  FEBRUARY 17, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth Of Kentucky

# Court of Appeals

NO. 2022-CA-1259-WC

KELLY PORTER                                                                  APPELLANT

PETITION FOR REVIEW OF A DECISION
v.                        OF THE WORKERS' COMPENSATION BOARD
ACTION NO. WC-17-85945

AXELON, INC.; HONORABLE JONATHAN
R. WEATHERBY, ADMINISTRATIVE LAW
JUDGE; DR. JOHN JACQUEMIN/ORTHOCINCY;
AND WORKERS' COMPENSATION BOARD                        APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ECKERLE, KAREM, AND McNEILL, JUDGES.

ECKERLE, JUDGE:  Kelly Porter (Porter), *pro se*,  petitions for review of an order

of the Workers' Compensation Board (Board) dismissing his appeal for failure to

file a timely notice of appeal.  We affirm.

On June 5, 2018, Porter filed his initial claim for a low back injury sustained during his employment with Axelon in Erlanger, Kentucky. On April 21, 2021, the Administrative Law Judge (ALJ) rendered his initial decision that Porter had sustained a work-related low back injury, awarding temporary total disability (TTD), permanent partial disability (PPD), and medical benefits.

Following a rigorous period of appellate practice, the issue of the application of the multiplier provided in Kentucky Revised Statute (KRS) 342.730(1)(c)(2) remained. In his remand opinion and award of January 6, 2022, the ALJ determined that the 2x multiplier applied to Porter's PPD award. Axelon once again petitioned for reconsideration, arguing that the multiplier did not apply since Porter never returned to work at the same or higher average weekly wage after the injury date. After the ALJ's denial of reconsideration, Axelon appealed to the Board, which vacated his decision and remanded the issue for a recalculation of Porter's post-injury wages. Finally, on August 16, 2022, the ALJ rendered his amended remand opinion and award, finding that the multiplier did not apply since Porter did not return to work at the same or greater average weekly wage. No petition for reconsideration was filed.

In his brief, Porter claims that he was advised by a Board staff member to send his notice of appeal of the August 16, 2022, amended remand opinion and award to the ALJ, not the Board. He indicates that he emailed it to the

ALJ on September 13, 2022. Porter did not make a copy of that email or an affidavit regarding its content or transmission part of the record.

On the instruction of another staffer, Porter sent to the Board a motion for an extension of time to file an appeal by United Parcel Service (UPS) on September 16, 2022. It was received on September 19, 2022. A motion for an extension of time in which to file a brief was received by the Board on October 3, 2022.

Upon receipt of Porter's motion for an extension of time to file an appeal, Axelon filed an objection and motion to strike on the grounds that the Board was without jurisdiction to consider Porter's motion due to his failure to comply with the applicable Kentucky Administrative Regulations (KAR). Axelon asked that the pleading be stricken and that any "appeal" be dismissed. By opinion and order entered October 3, 2022, Porter's attempted appeal was dismissed as untimely.

As noted in *Pike County Board of Education v. Mills*, 260 S.W.3d 366, 368 (Ky. App. 2008), "our standard of review of a decision of the Workers' Compensation Board 'is to correct the Board only where the . . . Court perceives the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice.' *Western Baptist Hosp. v. Kelly*, 827 S.W.2d 685, 687-688 (Ky. 1992).'"

Having reviewed the record and the Board's opinion, this Court cannot find that the law was improperly applied or that the evidence was incorrectly considered.

KRS 342.285(1) provides that, if no petition for reconsideration is filed, "either party may in accordance with administrative regulations promulgated by the commissioner appeal to the Workers' Compensation Board for the review of the order or award." However, those regulations set forth very specific requirements that must be met to perfect the appeal.

803 KAR 25:010 § 22 states in pertinent part:

> (1)(b) Parties shall insert the language "Appeals Branch" or "Workers' Compensation Board" on the outside of an envelope containing documents filed in an appeal to the board.
>
> (2) Time and format of notice of appeal.
>
>    (a) Within thirty (30) days of the date a final award, order, or decision rendered by an administrative law judge pursuant to KRS 342.275(2) is filed, any party aggrieved by that award, order, or decision may file a notice of appeal to the Workers' Compensation Board.
>
> . . .
>
>    (c) The notice of appeal shall:
>
>       1. Denote the appealing party as the petitioner;
>
>       2. Denote all parties against whom the appeal is taken as respondents;

3. Name the administrative law judge who rendered the award, order, or decision appealed from as a respondent;

. . .

5. Include the claim number; and

6. State the date of the final award, order, or decision appealed.

While Porter's motion for extension of time complies with Section 22 as to these requisites in many respects, it still must have been timely filed.

803 KAR 25:010 § 1(7)(b)2. states that:

(7) "Date of filing" means the date that:

(b) A pleading, motion, order, opinion, or other document is received by the commissioner at the Department of Workers' Claims in Frankfort, Kentucky, except:

2. Documents transmitted by United States registered (not certified) or express mail, or by other recognized mail carriers shall be deemed filed on the date the transmitting agency receives the document from the sender as noted by the transmitting agency on the outside of the container used for transmitting, within the time allowed for filing.

Porter's motion, having been mailed on September 16, 2022, was untimely from its inception, as evidenced by the envelope[1] in which it arrived. In

---

[1] Found at Record 716.

*Rice v. McCoy*, 590 S.W.2d 340, 342 (Ky. App. 1979), the Court recognized that the timely filing of an appeal is both mandatory and jurisdictional. *Jolly v. Lion Apparel, Inc.*, 621 S.W.3d 411 (Ky. 2021). Indeed, the Supreme Court has deemed failure to file a timely notice of appeal "fatal" based upon facts such as those presented herein, where the notice of appeal was sent by mail to the Board, arriving 31 days after the filing of the ALJ's decision. *Workers' Compensation Board v. Siler*, 840 S.W.2d 812, 813 (Ky. 1992).

Accordingly, we affirm the Workers' Compensation Board's opinion and order dismissing.

ALL CONCUR.

| BRIEF FOR APPELLANT: | BRIEF FOR APPELLEE: |
|---|---|
| Kelly Porter, *pro se*<br>Covington, Kentucky | Cate A. Poole<br>Lexington, Kentucky |