Ellis G. PATTON, Appellant,

v.

Joe Dale LAKE, Appellee.

Court of Appeals of Kentucky.

Nov. 30, 1956.

Lake, Holland & Cook, Hartford, for appellant.

Otto C. Martin, Hartford, for appellee.

CAMMACK, Judge.

The appellant, Ellis G. Patton, recovered $100 for the loss of a part of his right index finger. He is appealing because of the alleged smallness of the sum awarded him and because of alleged errors occurring at the trial.

Patton was a road contractor. He and a partner obtained a contract with the State to grade, drain and surface a road in Ohio County. He had a contract with the Fort Hartford Stone Company, which obligated it to furnish, deliver and spread crushed rock under Patton's supervision. The appellee, Joe Dale Lake, was a truck owner.

Under a contract with the Fort Hartford Stone Company he hauled and spread rock for the Company.

In May, 1954, Cecil Schroader, an employee of Lake's, loaded his truck with rock at the Stone Company and drove to Patton's construction location. Patton's regular dump man was absent, and he was performing the dump man's job of setting the tailgate properly to insure a correct rock spread; and also of instructing the truck driver where and how fast to spread the stone. The tail-gate on Schroader's truck had been damaged, and though repairs had been made, occasionally stuck. When the bed on Schroader's truck was partially raised, he requested Patton to go around and "unstick" it. While Patton was pulling on the chain connecting the gate to the wall of the truck, Schroader pulled up, causing the rock to move back in the bed and forcing the gate open. Patton's right index finger was caught between the chain and the gate and was either partly or completely torn off. Patton immediately went to the hospital, where his finger was amputated at a point between the first and second joints.

Prior to the trial, the following stipulation was signed by counsel for both parties:

"It is stipulated that the plaintiff has received the sum of $675.00 paid by the Aetna Casualty Co., as a result of the injury to his finger, and that any recover here may be credited in the said sum of $675.00 against the item of recovery covering by said policy and paid by the said Aetna Casualty Co."

At the trial, Lake's attorney questioned him concerning his conversation with Patton on the day following the accident:

"Q. What else did he tell you? A. Well, he told me he would turn it in to his insurance company and see if they wouldn't pay it.

"Q. Did he have compensation—

"Court: Wait a minute."

Patton's attorney objected; his motion to exclude the question and answer was sustained; he further moved the trial judge to admonish the jury and to explain the stipulation to them. This motion was sustained by the trial judge, but a motion to discharge the jury was overruled. Then the following colloquy occurred:

Patton's attorney: "It is true, and I am asking you to admonish the jury that plaintiff had an insurance policy which paid him $675.00, $75.00 of it was for medical bills.

"Court: And $600.00 was for loss of time. Gentlemen he is not asking in this suit anything on that, the fact that he had this insurance is no concern of yours.

Lake's attorney: "He is asking for medical bills?

"Court: He admits that he has been paid, you will only have submitted to you the damage, outside of insurance, you forget about the reference to insurance, because it does not concern you or this case."

During the course of the trial, Patton introduced without objection evidence of special damages, namely, the hiring of a mechanic and a grader-man to do the work previously done by Patton; although in his complaint he pleaded damages only for pain and suffering, medical expense, injury, and permanent impairment of his power to earn money.

Patton argues on this appeal that (1) an award of $100 for the loss of his right index finger was insufficient where pain and suffering were alleged and where special damages of $2,560 were proved and not contradicted; and (2) the court erred to the prejudice of his substantial rights in refusing to discharge the jury after the fact that he had received $675 as insurance compensation for his injuries had been mentioned by the appellee's counsel and a witness.

Although CR 9.06 provides that special damages shall be pleaded specifically, CR 15.02 provides that if "* * * issues not raised by the pleadings are tried by express or implied consent of the parties, they *shall* be treated in all respects as if they had been raised in the pleadings. * * * failure so to amend does not affect the result of the trial of these issues." (Emphasis added.) CR 15.02 is not permissive in terms, Ruud v. American Packing and Provision Company, 9 Cir., 1949, 177 F.2d 538; see Deaton v. Morris, 308 Ky. 754, 215 S.W.2d 854. Patton, however, did not request an instruction on special damages, nor object to the court's failure to give such instruction. He may not assign this as error here. CR 51. The trial judge is not required to give in his instructions the whole law of the case; he is required only to state the law correctly in the instructions he does give where he is acting without request of the parties. Davidson v. Ratliffe, 277 Ky. 371, 126 S.W.2d 827. By not making timely objection, Patton waived any defect in the instructions given.

Patton complains also that it was prejudicial error to permit the jury to know of his ownership of and recovery under the casualty insurance policy. As the quotations from the record show, as soon as insurance was mentioned, Patton's attorney promptly made an objection, which the trial judge sustained. The jury was properly admonished to ignore any mention of insurance. Patton's attorney, however, then brought to the jury's attention the full details of his insurance coverage. Having himself informed the jury, he cannot be heard to complain that the jury's knowledge of such information constituted prejudicial error. We agree that the verdict of $100 for the loss of one and one-half joints of an index finger is very low. However, in view of the peculiar fact that the jury was given notice by Patton's attorney that Patton had received $675 from his own insurance carrier for his injury, we cannot say that the jury's award is so inadequate as to strike us as being the result of passion or prejudice. CR 59.01.

Judgment affirmed.