**Theodore R. ALLEN, Appellant,**

v.

**Bettye GENTRY, Appellee.**

Court of Appeals of Kentucky.

Oct. 21, 1960.

Herbert L. Segal, Charles W. Anderson, Jr., Louisville, for appellant.

William O. Guethlein, Boehl, Stopher, Graves & Deindoerfer, Louisville, A. J. Deindoerfer, John C. Fogle, Louisville, for appellee.

BIRD, Chief Justice.

This action arises from a three car collision. Theodore R. Allen was driving one car owned by him. Lillie B. Hurt was driving another car owned by the Louisville Taxicab and Transfer Company. The third car was driven by Bettye C. Gentry.

The court, in granting a summary judgment, held as a matter of law that the negligence of Bettye C. Gentry was the sole cause of the accident and submitted the case to the jury upon the question of damages. The jury awarded Theodore R. Allen the sum of $500 with no separation of special and compensatory damages. Judgment was entered for him on that verdict. He appeals.

Allen demanded punitive damages in his complaint. The trial court having fixed liability sought to determine shortly before trial whether or not there was a genuine issue on the question of punitive

damages. Allen complains of this but it is unquestionably within the purview of CR 16 relating to pre-trial conference. It is not only a proper procedure but a desirable one.

 It was disclosed by avowal that Allen smelled alcohol while in a car with Bettye C. Gentry and others shortly after the accident. The avowal however does not say that he smelled the alcohol on the breath of Bettye C. Gentry. It is not pretended that she was intoxicated at the time of the accident or at all under the influence of alcohol. The testimony sought to be introduced would disclose no drinking on her part or those riding with her. In fact none of the testimony sought to be introduced was indicative of wantonness or gross negligence and the court properly declined to let the jury hear the testimony. Harrod v. Fraley, Ky., 289 S.W.2d 203.

Allen next complains that the court by its instruction erroneously gave credit for various sums paid to him by certain insurance companies. There is nothing in the record to show that he objected to any part of the instruction at the time. He will not be heard to complain on appeal. CR 51; Thacker's Adm'r v. Salyers, Ky., 290 S.W.2d 830.

He finally complains that the verdict is grossly inadequate and contrary to both law and evidence. However, he does not direct this Court's attention to a syllable of evidence that would justify a greater sum. We have nevertheless read the evidence as it pertains to his claim for special and compensatory damages. There is testimony in this record indicating that before this accident he was making complaints similar to those he now attributes to the accident. There is testimony to the effect that much of his hospitalization resulted from an illness in no way connected with the accident and that he had an exploratory operation because of that illness. The evidence indicates that he, in this action, is trying to collect for the losses occasioned by that illness even to the extent of recovering the surgeon's bill. It must be admitted that the verdict was not a liberal one but from the evidence in this case the jury could well doubt Allen's suffering and loss. Anyway, the verdict does not at first blush strike us as having resulted from passion and prejudice. We will therefore not disturb it. Patton v. Lake, Ky., 294 S.W.2d 917.

We find no prejudicial error. The judgment is therefore affirmed.