**David HONAKER, Appellant,**

v.

**DURO BAG MANUFACTURING COMPANY; Vicki G. Newberg, Acting Director of Special Fund; and Workers' Compensation Board, Appellees.**

No. 92–SC–733–WC.

Supreme Court of Kentucky.

April 22, 1993.

Gregory N. Schabell, Florence, for appellant.

H. Douglas Jones, J. Kevin King, Greenebaum, Doll, & McDonald, Covington, for appellee Duro.

David Randall Allen, John E. Stephenson, Louisville, for appellee Newberg.

OPINION OF THE COURT

The sole issue involved in this workers' compensation appeal is whether claimant's

actions and misrepresentations in securing employment with the Duro Bag Manufacturing Company (Duro) preclude him from maintaining a claim for workers' compensation for an injury sustained while at work.

In 1977, claimant was given a medical discharge from the United States Army after he injured his back on a parachute jump. He received a 10% disability from the Veterans Administration which was later raised to 20%. Claimant has undergone occasional treatment at veterans' hospitals since his discharge and has been prescribed a cane, a back brace, and muscle relaxers.

In April of 1988, claimant filled out and signed an application for employment with Duro. The application requested information regarding any serious illnesses suffered during the last five years and inquired whether the applicant had ever received compensation for injuries. These questions were answered in the negative. Claimant also signed a "Consent and Authorization of Pre–Employment Physical" at the time he completed the application which contained the following language:

It has been explained, and I fully understand, that *before* I can receive serious consideration for a position with the Duro Bag Manufacturing Company, I must pass the company's pre-employment physical, which will include a drug and alcohol screen.

I voluntarily give my permission for these examinations and tests to be performed by the medical facility chosen by Duro, and I authorize that facility to release the results to the company. (Emphasis original.)

Mitch Mullins, Duro's personnel manager, testified that the questions on the application and the pre-employment physical are due to the physical nature of the work. The examination was scheduled for April 23, 1988. Claimant admitted during these proceedings that he had his cousin appear and take the physical examination for him. Claimant testified that he did not want to take a chance of being turned down for the job and that he would be discriminated against because he was not able to pass the physical exam.

Dr. James J. Schneider testified that such examinations are performed in order to discover if there are any anatomical or emotional deficits which would put the employee at risk. He stated that he would have been "very concerned" had he known of claimant's spondylolisthesis and probably would not have recommended him for this type of employment. Dr. Schneider testified that in his experience this condition will predispose people injured in falls to have a more severe problem, although medical literature is not dispositive on this point.

Claimant's misrepresentations were not discovered until he alleged a work-related injury to his back occurring on November 16, 1988, when he slipped on some hydraulic fluid and fell. All parties agreed to bifurcate the claim and submit it for decision on the sole issue of compensability. The Administrative Law Judge (ALJ) made the following findings:

3. The issue presented in this claim for determination is whether the Plaintiff's admittedly fraudulent activities in securing employment with the Defendant–Employer are such so as to preclude him from maintaining an action under the Act.

The Defendant–Employer argues that the fraudulent acts of the Plaintiff are such as to nullify the contract of employment entered into herein, therefore nullifying the employer/employee relationship. In addition, the employer contends that the claim should be barred as violating public policy against rewarding fraudulent conduct. The Plaintiff, on the other hand, even though acknowledging the fraudulent activities involved, nevertheless argues that the claim is compensable inasmuch as the conditions existing prior to the injury did not necessarily lead to the injury in and of itself due to the slip and fall nature thereof. The Plaintiff further contends that the statutory construction of the Act indicates that the Legislature purposely precluded maintaining a claim based upon a fraudulent application in the case of occupational disease claims, but since there is no

counterpart in injury claims, such a factor is not a defense. It is noted that neither the Plaintiff nor the Defendant have cited a Kentucky decision directly on point, although the Defendant has cited several cases from other jurisdictions in support of its argument.

4. Upon review of the claim as presented herein, and after consideration of the arguments as presented by the respective parties, it is found that the claim of the Plaintiff is barred by his fraudulently obtaining employment and must therefore be **DISMISSED**. In reaching this conclusion, it is noted that KRS 342.-640 specifically speaks of the contract of hire. In the case presented herein, the Plaintiff and the Defendant–Employer entered into a specific written contract of employment dated April 22, 1988, containing clear and concise language that a successful passage of a pre-employment physical was a prerequisite to the beginning of an employment relationship. Inasmuch as the Plaintiff procured the services of another individual in attending his pre-employment physical examination, the terms of the agreement of April 22, 1988 had never been complied with, thus, the contract of employment had never been consummated. No argument is made nor does the proof indicate that the Plaintiff was unaware of the consequences of his action, in fact, the Plaintiff acknowledged that falsification of employment applications and the attendance of persons other than himself at pre-employment physicals had occurred on occasions in the past. Simply put, the activities of the Plaintiff as exist in this claim simply cannot be rewarded.

The Workers' Compensation Board (Board) upheld the decision of the ALJ, and the Court of Appeals affirmed the Board.

KRS 342.316, the occupational disease statute, specifically provides at Section (6) that no compensation shall be payable for occupational disease if the employee, at the time of entering the employment, falsely represented his medical condition. The Court of Appeals declined to address whether KRS 342.316(6) relates only to occupational disease cases since the case at

bar deals not merely with misrepresentations on an employment application but with failure to perform a condition precedent to contract formation. Therefore, the court held that KRS 342.640 precludes recovery in this injury claim.

**KRS 342.640 Coverage of employes**

The following shall constitute employes subject to the provisions of this Chapter, except as exempted under KRS 342.650:

(1) Every person, including a minor, whether lawfully or unlawfully employed, in the service of an employer under any contract of hire or apprenticeship, express or implied....

In *M.J. Daly Co. v. Varney,* Ky., 695 S.W.2d 400 (1985), the Court noted that KRS 342.640(1) codifies the requirement that an employee must have a contract of hire, expressed or implied, in order to be deemed an employee for purposes of coverage under the Act. "[B]efore there is an employer/employee relationship, there must be a contract of hire, expressed or implied, containing all elementary ingredients for a contract." *Id.* at 402, citing *Rice v. Conley,* Ky., 414 S.W.2d 138 (1967).

 We agree with the ALJ, Board, and Court of Appeals that the "contract of hire" mentioned in KRS 342.640(1) refers to a valid contract. The physical examination was a clear and unambiguous condition precedent which had to be performed before the agreement of the parties became a binding contract. 17A Am.Jur.2d § 34 (1991). Citing *A.L. Pickens Co. v. Youngstown Sheet and Tube Co.,* 650 F.2d 118 (6th Cir.1981), claimant argues that conditions precedent are not favored. However, that decision specifies that courts will not construe stipulations to be precedent unless "required to do so by plain, unambiguous language or by necessary implication." *Id.* at 121. In the case at bar, the pre-employment physical was required by plain and unambiguous language *before* employment was to be considered.

 Claimant also argues that because he was able to perform the work for seven

months, the purpose of the pre-employment physical, to determine capability, was fulfilled. The validity of an employment contract cannot be determined in such a retrospective and varying fashion and is not based upon the employee's subsequent capability to perform the work.

Since there was no contract of hire between claimant and Duro, there was no employer/employee relationship, and claimant was not an employee for purposes of coverage under the Act.

The decision of the Court of Appeals is affirmed.

All concur.