John DIVITA, Appellant,

v.

**HOPPLE PLASTICS; Vicki Newberg (Acting Director of Special Fund); and Workers' Compensation Board, Appellees.**

No. 92–CA–1429–WC.

Court of Appeals of Kentucky.

July 23, 1993.

Gregory N. Schabell, Florence, for appellant.

Scott M. Powers, Lange, Quill & Powers, Newport, for appellee Hopple.

Cathy Utley Costelle, Louisville, for appellee Special Fund.

Before EMBERTON, JOHNSTONE and WILHOIT, JJ.

JOHNSTONE, Judge:

The sole issue in this appeal is whether the claimant's misrepresentations on his application for employment concerning previous injuries to his back bar recovery of workers' compensation benefits. We agree with the conclusion of the Workers' Compensation Board that misrepresentations are a relevant consideration and affirm its decision in this case.

John Divita began working for appellee Hopple Plastics on a temporary basis through an employment agency in February 1987. He filled out an application for full-time employment on March 29, 1987. In his testimony at the hearing before the Administrative Law Judge, the claimant admitted lying on his application for employ-

ment concerning previous "back trouble" and back injuries, acknowledging that he had been turned down for other jobs because of back problems. Although he initially testified that his prior back injuries did not involve pain radiating into the legs, he later conceded medical records indicating two prior workers' compensation claims and a personal injury claim stemming from an automobile accident, all of which included left leg radiculopathy. The assistant plant manager for Hopple testified that individuals with a history of back injuries, surgery, or workers' compensation claims would not be placed on a job requiring stress and strain to the back. Noting that many of the jobs at Hopple involve such stress and strain on the low back, he stated that the claimant was in fact placed in a job involving such stress and strain.

The ALJ rejected the employer's contention that the false representations on claimant's application for employment barred recovery of compensation benefits, relying in particular upon KRS 342.316(6) which provides as follows:

> No compensation shall be payable for *occupational disease* if the employee at the time of entering the employment of the employer by whom compensation would otherwise be payable, falsely represented himself, in writing, as not having been previously disabled, laid off, or compensated in damages or otherwise, because of such disease, or failed or omitted truthfully to state to the best of his knowledge, in answer to written inquiry made by the employer, the place, duration and nature of previous employment, or, to the best of his knowledge, the previous state of his health. (Emphasis added).

The specific reference to occupational disease was interpreted by the ALJ to preclude the statute's application to injury claims. The ALJ concluded that, however inequitable the result, there was no authority for barring this injury claim.

In vacating the decision of the ALJ, a majority of the Board applied the three-prong test set out in Professor Larson's treatise, *The Law of Workmen's Compen-*

*sation*, § 47.53. Larson explains his approach to the misrepresentation problem in these words:

> What seems to be emerging, in place of a conceptual approach relying on purely contractual tests, is a common-sense rule made up of a melange of contract, causation, and estoppel ingredients. The following factors must be present before a false statement in an employment application will bar benefits: (1) The employee must have knowingly and wilfully made a false representation as to his physical condition. (2) The employer must have relied upon the false representation and this reliance must have been a substantial factor in the hiring. (3) There must have been a causal connection between the false representation and the injury.

The Board emphasized that this rule has been judicially adopted in a number of states, including Arkansas, Florida, Massachusetts, Nebraska, New Mexico, South Carolina, Tennessee, and Virginia, and that Alaska has adopted the rule by statute. Of particular significance was the fact that both Arkansas and Florida had statutory equivalents to our KRS 342.316(6).

In applying the Larson rule to the facts of this case, the Board determined that the first two prongs had been satisfied in that the claimant's misrepresentations were admittedly knowing and deliberate and there is nothing to contradict the assertion of Hopple's assistant manager that claimant would not have been placed in his current position had his previous back problems been known. However, as to the third prong of the test, the Board was not satisfied that a causal connection between claimant's prior back problems and his current injury had been clearly established. The case was therefore remanded to the ALJ for factual findings as to what role, if any, the previous injuries played in the claimant's 1987 disabling injury. Not surprisingly, this turn of events precipitated claimant's appeal to this Court.

█ He argues preliminarily that we should not reach the merits of this appeal as the employer failed to include the misrepresentation issue on the prehearing con-

ference order. We disagree. Assuming for the sake of argument that the Board erred in concluding that the work relation issue is broad enough to encompass the misrepresentation argument, appellant must still overcome the obstacle that this issue was tried before the ALJ without objection. We find the following rationale set out in *Consolidated Sales v. Malone,* Ky., 530 S.W.2d 680, 682 (1975), to be dispositive of appellant's complaint:

> In this case the defendant did not plead the defense, but its evidence, which had no relevancy to any other purpose, was admitted without objection. The reception of such evidence was tantamount under CR 15.02 to an amendment of the answer to cover an issue "tried by express or implied consent of the parties." Cf. Clay's Kentucky Practice, CR 15.02; Moore's Federal Practice (2d ed.), R 15(b), § 15.13[2] (Vol. 3, pp. 991, 997); *Patton v. Lake,* Ky., 294 S.W.2d 917, 919 (1956); *Carney v. Scott,* Ky., 325 S.W.2d 343, 348 (1959).

Certainly we would not apply a more stringent rule to an administrative hearing.

■ As to the Board's handling of the misrepresentation issue, we find no error. We, like the Board, are convinced that adoption of the Larson rule in injury cases is not only in keeping with the public policy of this Commonwealth articulated in KRS 342.316(6), but also provides a result compatible with common sense.

Courts have struggled to fashion a solution to the misrepresentation problem through contract principles, but the result is a somewhat tortured excursion into what constitutes a valid contract for hire. While that reasoning may provide an acceptable solution in some cases, we foresee difficulties in achieving a practical and just result if the claimant has worked for the employer for many years prior to a disabling injury. *See Honaker v. Duro Bag Mfg. Co.,* Ky., 851 S.W.2d 481 (1993).

■ It is very clear to this Court that adoption of the Larson rule in injury cases where misrepresentation is alleged provides the most equitable solution for both the employer and the employee. We sim-

ply cannot conceive that the legislature intended to bar claimants who misrepresent the status of their occupational diseases but excuse claimants who misrepresent their previous injuries from the same severe sanction. Equity and common sense need not be abandoned when the absence of a clear statutory directive calls the intent of the legislature into question. We are convinced that the result reached in this case conforms to both the intent of the legislature and general principles of fairness.

The opinion of the Workers' Compensation Board is in all respects affirmed.

All concur.