CLARION MANUFACTURING CORPO-
RATION OF AMERICA, Trans Pacific
Insurance Company, and Crawford &
Company, Appellants,

v.

Lorie JUSTICE; Ron Christopher, Di-
rector of Special Fund; and Workers'
Compensation Board, Appellees.

CLARION MANUFACTURING CORPO-
RATION OF AMERICA, Trans Pacific
Insurance Company, and Crawford &
Company, Appellants,

v.

Lorie JUSTICE; Ron Christopher, Di-
rector of Special Fund, and Workers'
Compensation Board, Appellees.

Ron CHRISTOPHER, Director of Special
Fund, Successor to Robert E.
Spurlin, Appellant,

v.

Lorie JUSTICE; Clarion Manufacturing
Company; W. Bruce Cowden, Adminis-
trative Law Judge; and Workers' Com-
pensation Board, Appellees.

Nos. 97–SC–500–WC, 97–SC–501–
WC and 97–SC–558–WC.

Supreme Court of Kentucky.

March 19, 1998.

Rehearing Denied July 23, 1998.

Robert A. Winter, Jr., Joseph A Recten-
wald, Taft, Stettinius & Hollister, Crestview
Hills, for Clarion Manufacturing Corporation
of America, Trans Pacific Insurance Co., and
Crawford & Company.

David W. Barr, Labor Cabinet—Special
Fund, Louisville, for Christopher.

Gregory N. Schabell, Busald, Funk, Zeve-
ly, P.S.C., Florence, for Appellee Justice.

OPINION OF THE COURT

This appeal concerns whether the Adminis-
trative Law Judge (ALJ) erred in dismissing
a claim for workers' compensation benefits
based upon a finding that the claimant had
misrepresented her educational level on the
employment application, thereby precluding
the formation of a contract of employment.

It is undisputed that claimant has only a
tenth grade education. Nonetheless, in her
written application for employment with the
defendant-employer she indicated that she
had graduated from high school in 1982, and
there was evidence that she made similar
statements in various pre-employment inter-
views. After a successful performance on
certain pre-employment tests and the com-
pletion of a pre-employment training pro-
gram, claimant was employed in September,
1989, to assemble circuit boards. The work
required constant and repetitive arm and
hand motions, with the result that claimant
began to experience pain and numbness in

her arms and hands. She was diagnosed with a repetitive motion injury and filed the workers' compensation claim which is the subject of this appeal.

In the course of defending the claim, the employer discovered that claimant had misrepresented her level of education on the employment application. The employer presented evidence that it required a high school diploma of all full-time permanent employees since a certain level of reading and math skills were necessary for job performance. The employer also noted that the application form, itself, warned potential applicants that any misrepresentation or omission of fact constituted grounds for dismissal. Although the employer admitted that some temporary workers lacked a high school diploma, it emphasized that such workers were employed only on a temporary basis and that all permanent employees were required to be high school graduates. The employer asserted that since claimant had misrepresented her educational level, she had failed to comply with a condition precedent to its offer of employment. Therefore, in the absence of a valid contract of employment, claimant was not an "employee" for the purpose of receiving workers' compensation benefits. KRS 342.640(1); *Honaker v. Duro Bag Mfg. Co.,* Ky., 851 S.W.2d 481 (1993).

Claimant admitted that she had misrepresented her educational level on the employment application and in the interviews. She focused, instead, on evidence that she had performed adequately on a General Aptitude Test Battery and other pre-employment testing which the employer required as well as on evidence that her reading and math skills were well above average for high school graduates. She also emphasized that her educational level had no effect on the extent of her disability.

The ALJ concluded that the diploma was a condition precedent to an offer of permanent employment with this employer, that claimant knowingly and intentionally misrepresented her educational background in order to obtain employment, and that the employer would not have hired her had it known the truth. Therefore, the claim was dismissed pursuant to *Honaker.* After concluding that there was substantial evidence the employer required a high school diploma as a condition precedent to its offer of employment, the Board affirmed the decision of the ALJ.

The Court of Appeals reversed the decision and remanded the claim for further proceedings. The Court of Appeals' opinion noted that, although the misrepresentation concerned claimant's educational level rather than a prior injury, its effect on the claim should be determined under the three-prong test set forth in *Divita v. Hopple Plastics,* Ky.App., 858 S.W.2d 214 (1993), and codified, effective April 4, 1994, in KRS 342.165(2).[1] The Court of Appeals was of the opinion that *Divita* was more compatible with "common sense and fairness" than *Honaker* and that the latter decision should be limited to its facts. The employer and the Special Fund appeal.

Both *Honaker* and *Divita* involved misrepresentations about the worker's physical condition and/or medical history on an employment application. *Honaker* was decided by this Court shortly before the Court of Appeals rendered a decision in *Divita* and differs factually from *Divita.* In *Honaker,* the injured worker made a misrepresentation on the employment application, but the decision concerned only the effect of the fact that he sent an impostor to a required pre-employment physical examination. There was evidence that the work was physical in nature and that one of the purposes of the physical examination was to discover anatomical deficits in prospective workers which would predispose them to more severe back injury. There, the worker had sustained a serious back injury prior to the employment, and a physician indicated that he would not have recommended the worker for the position had he actually undergone the examination. The subject injury involved the worker's back. This Court affirmed decisions by the ALJ, Board, and Court of Appeals that since the worker had failed to undergo the pre-

---

1. We observe that KRS 342.165(2) is explicitly limited to false representations which are in writing. The wording of the amendment is very similar to the three-prong test set forth by the Court of Appeals in *Divita* but is not identical.

employment physical examination, a condition precedent to the formation of a contract of employment was not met. Under those circumstances, the Court was persuaded that there was no contract of employment for the purposes of KRS 342.640(1). The decision emphasized that evidence of the worker's subsequent capability to perform the work was not material to a question concerning the existence of a contract of employment. We remain firm in our conviction that the decision in *Honaker* was correct in view of the circumstances and the arguments which were presented.

Several months after the rendition of *Honaker*, the Court of Appeals considered *Divita*. There, a worker who was asserting a claim for a back injury had failed to truthfully answer questions on the employment application concerning previous back injuries and back problems. The employer argued that the misrepresentations should bar a workers' compensation recovery. In rejecting the argument, the ALJ observed that KRS 342.316(6) explicitly applied only to occupational disease claims and that, however inequitable, there was no authority to bar the claim since it involved an injury. The Board vacated the decision, applying the three-prong test set forth in Larson, *The Law of Workmen's Compensation*, § 47.53. That test was subsequently adopted by the Court of Appeals in a decision which affirmed that of the Board. In doing so, the Court of Appeals observed that adoption of the test in injury cases "is not only in keeping with the public policy of this Commonwealth articulated in KRS 342.316(6), but also provides a result compatible with common sense." 858 S.W.2d at 216. The Court of Appeals recognized that a purely contractual approach such as was taken in *Honaker* might produce an acceptable solution in some cases but was persuaded that the three-prong test would more often produce an equitable result.

We observe that *Honaker* and *Divita* are not incompatible. Unlike *Divita*, *Honaker* did not concern the verbal misrepresentation contained in the employment applica-

tion. *Honaker* turned solely on the fact the worker deceived the employer about his actual physical condition by sending an impostor to undergo the pre-employment physical examination.[2] In other words, in addition to misrepresenting his physical condition on the employment application, the worker also failed to perform a requirement of the application process in order to further misrepresent his true physical condition to the employer. That deceit and the subsequent injury thwarted the entire purpose of the examination. Unlike the situation in the instant case, the very purpose of the condition precedent which was at issue in *Honaker* related to the prevention of a serious injury. The opinion in *Honaker* did not address whether a purely verbal misrepresentation on an employment application would interfere with the formation of an employment contract for the purposes of KRS 342.640(1).

■ It is undisputed that claimant, herself, performed all pre-employment testing. This case involves a verbal misrepresentation in applying for employment which was not related to claimant's physical condition or medical history and which was not causally related to her ultimate injury. In considering whether the application of *Honaker* is appropriate for verbal misrepresentations, we observe that conditions precedent are not favored and that courts refrain from such construction unless they are "required to do so by plain, unambiguous language or by necessary implication." *A.L. Pickens Co. v. Youngstown Sheet & Tube Co.*, 650 F.2d 118 (6th Cir.1981). We conclude that, regardless of its effect for other purposes, a verbal misrepresentation, standing alone, will not be viewed as preventing the formation of an employment contract for the purposes of KRS 342.640(1). We are persuaded, instead, that the approach which was taken in *Divita* should be utilized and that application of the strict contractual approach which was taken in *Honaker* should be limited to cases involving the same or similar circumstances.

■ The three-prong test which was adopted in *Divita* provides:

**2.** We observe that, on its face, KRS 342.165(2) would appear not to penalize the type of misrepresentation which was at issue in *Honaker* since

it addresses misrepresentations made "in writing."

The following factors must be present before a false statement in an employment application will bar benefits: (1) The employee must have knowingly and wilfully made a false representation as to his physical condition. (2) The employer must have relied upon the false representation and this reliance must have been a substantial factor in the hiring. (3) There must have been a causal connection between the false representation and the injury.

Since there is no allegation that claimant made a false statement in her employment application concerning her physical condition, the claim should not have been dismissed.

The decision of the Court of Appeals is hereby affirmed, and the claim is hereby remanded to the ALJ for further consideration.

All concur.