**Latonya R. HODGE, Appellant,**

v.

**FORD MOTOR COMPANY; Hon. Bruce W. Cowden, Jr., Administrative Law Judge; and Workers' Compensation Board, Appellees.**

No. 2003–CA–000241–WC.

Court of Appeals of Kentucky.

Dec. 19, 2003.

John V. Hanley, Louisville, KY, for appellant.

Wesley G. Gatlin, Nancy E. Anderson, Louisville, KY, for appellee, Ford Motor Company.

Before BUCKINGHAM, DYCHE and JOHNSON, Judges.

## OPINION

JOHNSON, Judge.

Latonya R. Hodge has petitioned for review of an opinion of the Workers' Compensation Board entered on January 8, 2003, which reversed the Administrative Law Judge's determination that Hodge had joined her March 8, 2000, injury claim "by implication" as a part of her December 9, 1998, injury claim. Having concluded that the ALJ properly considered evidence related to Hodge's March 8, 2000, injury claim and properly made an award based on that claim, and that the Board has overlooked or misconstrued controlling statutes or precedent by concluding otherwise, we reverse and remand for further proceedings.

Hodge began working for Ford Motor Company in 1993, as a vehicle-assembly technician. On February 29, 2000, Hodge filed a Form 101 application for resolution of injury claim with the Department of Workers' Claims. Hodge claimed that during the course of her employment with Ford, "something in [her] lower back snapped" when she bent over to pick up a beam weighing between five to six pounds. On her Form 101, Hodge listed December 9, 1998, as the date on which this injury occurred.

Over the course of the next two years while the resolution of Hodge's claim was pending, numerous motions were filed by both parties and numerous medical records were submitted as evidence. Although Hodge never moved to amend her Form 101 to allege any other injury or injury date, she did submit evidence indicating that another work-related injury had occurred on March 8, 2000.[1] On July 18, 2002, the ALJ entered an opinion, order and award regarding Hodge's claim. The ALJ found that while Hodge had failed to establish that she suffered a work-related injury on December 9, 1998,[2] she had established that she sustained a compensable, work-related injury on March 8, 2000. In a footnote, the ALJ explained the reasoning for granting Hodge benefits based upon the March 8, 2000, injury:

The [ALJ] notes that [Hodge] in [her] Form 101 did not allege a March 8, 2000 injury, nor was motion made to amend the Form 101 to allege said injury. However, the evidence reflects that an event occurred on this date and that the case was practiced and briefed as if an event occurred. Moreover, in its proposed stipulation filed May 24, 2000[,] and November 27, 2001, [Hodge] lists [her] date of injuries as [December 7, 1998] and March 8, 2000, respectively. Although the ALJ is cognizant that KRS [3] 342.270(1) requires that the Plaintiff shall join all causes of action which have occurred and which are known to [her], the ALJ finds that by implication, [Hodge] has done so.

As a result of this finding, the ALJ ruled that Ford and/or its insurer would be re-

---

1. According to the record, Hodge claimed that she was pushing a rack loaded with stock when she slipped and injured her back.

2. The ALJ found that any injury Hodge may have suffered on December 9, 1998, was not work-related and was instead due to pre-existing back problems.

3. Kentucky Revised Statutes.

sponsible for the payment of various benefits and expenses.[4]

Ford appealed the ALJ's ruling to the Board.[5] In an opinion entered on January 8, 2003, a divided Board reversed the ALJ's determination that Hodge had suffered a compensable, work-related injury on March 8, 2000. The Board held that since Hodge had failed to "join all causes of action against the named employer," in her Form 101, Hodge had waived any claim for compensation for the March 8, 2000, injury.[6] This appeal followed.

■ Hodge's sole claim of error on appeal is that the Board erred by holding that Hodge waived any claim she had for her March 8, 2000, injury by not raising the claim in her Form 101, or amending her Form 101 to include the March 8, 2000, injury. Hodge claims that since her case was practiced and briefed as if a work-related injury allegedly occurred on March 8, 2000, the ALJ properly allowed this claim to go forward even though Hodge's Form 101 was never formally amended to add a claim for that injury. We agree.

Pursuant to CR [7] 15.02, "[w]hen issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." [8] In *Nucor Corp. v. General Electric Co.*,[9] our Supreme Court discussed the purpose of CR 15.02, and explained how the rule should be interpreted by Kentucky courts:

> Bertelsman Philipps explains "[o]ne of the reasons" for the rule "is to take cognizance of the issues that were actually tried."
>
> "The Rule goes further than authorizing amendments to conform to the evidence. It provides that if issues not raised by the pleadings are tried by express or implied consent, they shall be treated as if they had been so raised [citation omitted].
>
> . . . .

4. Ford and/or its insurer were ordered to pay Hodge's medical expenses related to a back surgery performed on May 10, 2000. In addition, Hodge was awarded $509.03 per week, plus applicable interest charges, for temporary total disability benefits for the period March 16, 2000, through November 16, 2000. This award was based on an occupational disability rating of 30%. The ALJ also awarded permanent partial disability benefits based on a 20% impairment rating.

5. Hodge did not appeal the ALJ's finding that she did not suffer a compensable, work-related injury on December 9, 1998.

6. The majority of the Board relied upon an unpublished Opinion from this Court, which had one judge concurring in result only and one judge dissenting.

7. Kentucky Rules of Civil Procedure.

8. CR 15.02 provides in full as follows:
When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all re-

spects as if they had been raised in the pleadings. Such amendment of the pleading as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.

9. Ky., 812 S.W.2d 136, 145 (1991)(quoting 6 Bertelsman and Philipps, *Kentucky Practice*, p. 318–19 (4th ed.1984)).

The decision whether an issue has been tried by express or implied consent is within the trial courts discretion and will not be reversed except on a showing of clear abuse.

. . . .

It seems clear that at the trial stage the only way a party may raise the objection of deficient pleading is by objecting to the introduction of evidence on an unpleaded issue. Otherwise he will be held to have impliedly consented to the trial of such issue."

Furthermore, the Supreme Court has noted that "[t]here is a need for uniformity and stability in our approach to the application of the civil rules to Workers' Compensation matters."[10] The uniformity principle was followed in *Divita v. Hopple Plastics*,[11] where this Court held that since the defendant employer's misrepresentation defense "was tried before the ALJ," the defense was properly considered by the ALJ even though the employer had failed to raise the issue in the pre-hearing conference order.[12] This Court went on to state that CR 15.02 applied to workers' compensation proceedings, explaining that "we would not apply a more stringent rule [than CR 15.02] to an administrative hearing."[13]

With these principles in mind, we turn to the facts of the case *sub judice*. We first note that Ford does not dispute the fact that evidence was submitted regarding a possible work-related injury occurring on March 8, 2000. For example,

Hodge's deposition testimony and medical records from Dr. Joseph G. Werner, Jr., support Hodge's claim that she sustained a work-related injury on March 8, 2000. Further, in its brief to this Court, Ford has not directed us to any point in the record where it objected to the introduction of evidence related to the March 8, 2000, injury, and our own review of the record has likewise revealed no objection to this evidence. Finally, we note that Ford actively defended Hodge's claim that her March 8, 2000, injury was work-related.[14] Therefore, since this issue was actually tried before the ALJ, and Ford made no objection to the introduction of evidence related to this issue, the ALJ did not abuse his discretion by considering the evidence supporting Hodge's claim that she sustained a work-related injury on March 8, 2000, and by awarding her benefits based on that injury.

■ In support of its claim that the ALJ improperly considered evidence related to the March 8, 2000, injury, and based an award on that injury, Ford argues in favor of a strict interpretation of KRS 342.270(1), which requires an injured party to join all causes of action against a single employer under the same claim. In particular, Ford argues:

When the legislature uses the word "shall" in a statute, that means that the actions directed by the statute are mandatory, and that "substantial compliance" is not sufficient.... KRS 342.270(1) says[:]

**10.** *Whittaker v. Wright*, Ky., 969 S.W.2d 209, 211 (1998).

**11.** Ky.App., 858 S.W.2d 214 (1993).

**12.** *Id.* at 215–16.

**13.** *Id.* at 216. *See also Collins v. Castleton Farms, Inc.*, Ky.App., 560 S.W.2d 830, 831 (1977)(stating that an alleged affirmative de-

fense could have been considered even though not formally raised where the "issue was tried by implied consent of [the] parties").

**14.** *See Nucor*, 812 S.W.2d at 146 (stating that a party is not prejudiced when a claim has been tried by "implied consent" if the party had a fair opportunity to defend the claim).

When the application is filed by the employee or during the pendency of that claim, he *shall* join all causes of action against the named employer [which have accrued and which are known, or] should reasonably be known, to him.... Failure to join all accrued causes of action will result in such claims being barred under this chapter as waived by the employee [emphasis original].

According to Ford, Hodge was required to formally amend her Form 101 in order for the ALJ to consider evidence and to make an award based on the March 8, 2000, injury. We disagree.

While it is true that unless the context requires otherwise, the word "shall" is deemed to be mandatory language,[15] Ford's interpretation of KRS 342.270(1) would have the effect of ignoring CR 15.02, which, as we stated previously, has been held to be applicable to workers' compensation proceedings. Similar to KRS 342.270(1), CR 15.02 also contains mandatory "shall" language. Specifically, CR 15.02 states in part that "[w]hen issues not raised by the pleadings are tried by express or implied consent of the parties, they *shall* be treated in all respects as if they had been raised in the pleadings" [emphasis added]. Hence, we conclude that CR 15.02 and KRS 342.270(1) are not in conflict with one another, and may be construed in a way to give effect to both provisions. Therefore, CR 15.02 and the purpose behind the rule need not "give way" to KRS 342.270(1).[16] Accordingly, the ALJ properly considered evidence and made an award based on Hodges March 8, 2000, injury, and the Board overlooked or misconstrued controlling statutes or precedent by concluding otherwise.[17]

Based on the foregoing, the opinion of the Board is reversed and this matter is remanded for further proceedings consistent with this Opinion.

BUCKINGHAM, Judge, concurs and files separate opinion.

DYCHE, Judge, concurs in result only and files separate Opinion.

BUCKINGHAM, Judge, concurring.

I concur with the majority opinion but desire to write separately out of concern that it may be read too broadly under other circumstances. I agree that CR 15.02 is applicable in this case because the issue of the March 8, 2000, injury was tried before the ALJ with Ford's implied consent. However, I do not believe this opinion should be read so broadly as to mean that compliance with KRS 342.270(1) is unnecessary in all cases where evidence is presented concerning the unpleaded injury. In fact, a party may prevent the application of CR 15.02 to an unpleaded issue by raising an objection at the trial level. *See Nucor Corp.*, 812 S.W.2d at 145, *quoting* 6 Bertelsman & Philipps, *Kentucky Practice*, p. 318–19 (4th ed.1984). Ford apparently did not do that in this case. I believe the failure of the Board to make this distinction led it to erroneously rely on our prior opinion in an unpublished case.

DYCHE, Judge, concurring in result.

I concur with the result reached by the majority opinion. Ford made no objection

---

**15.** KRS 446.010(29).

**16.** *Dawson v. Hensley*, Ky., 423 S.W.2d 911, 912 (1968)(holding that where a civil rule is inconsistent with or in conflict with a special statutory procedural requirement, the civil rule "must give way" to the statute).

**17.** *Western Baptist Hospital v. Kelly*, Ky., 827 S.W.2d 685, 687–88 (1992).

to the amendment by implication of the cause of action herein. In most cases, compliance with the statute is mandatory, and resort to the Civil Rules is secondary. This case is an exception.