RENDERED: MARCH 17, 2016
TO BE PUBLISHED

# Supreme Court of Kentucky

2014-SC-000236-WC

DATE 4-7-16 EnidGrouth, P.C.

MICHELLE RAHLA           APPELLANT

ON APPEAL FROM COURT OF APPEALS
V.          CASE NO. 2013-CA-001712-WC
WORKERS' COMPENSATION BOARD NO. 12-WC-01147

MEDICAL CENTER AT BOWLING GREEN          APPELLEES
JEANIE OWEN MILLER, ADMINISTRATIVE LAW JUDGE AND
WORKER'S COMPENSATION BOARD

**OPINION OF THE COURT BY CHIEF JUSTICE MINTON**

**<u>AFFIRMING</u>**

When a former employee makes a claim for benefits under Kentucky's Workers' Compensation Act, she must first establish she was employed when the injury took place.[1] Michelle Rahla sought workers' compensation benefits from the Medical Center at Bowling Green (Medical Center) for injuries she allegedly sustained during the course of a pre-employment physical examination. Her claim has been summarily rejected at every stage in the review process because she was not considered actually "employed" by the Medical Center when she submitted to the physical examination. Rahla now appeals to this Court as a matter of right.[2] The issue confronting us today is

---

[1] Kentucky Revised Statutes (KRS) 342.640.

[2] *See* Ky.Const. § 115 ("there shall be allowed as a matter of right at least one appeal to another court"). *And see also Vessels by Vessels v. Brown-Forman Distillers Corp.,*

whether the Act covers an injury sustained during a physical examination performed as a condition precedent to employment. We affirm that it does not.

## I. FACTUAL AND PROCEDURAL BACKGROUND.

Rahla applied for employment online with the Medical Center, seeking work as a PRN Registration Clerk. She was later contacted by a Medical Center representative and sat for two face-to-face interviews to discuss the job opening. She received a written offer for the position, but it was contingent on passing a physical examination and a substance-abuse screen. The Medical Center was clear that she would not be hired until she completed this screening.

Two days later, Rahla submitted for the physical examination. As part of the exam, she was asked to perform a Functional Capacity Evaluation (FCE). The FCE was primarily to determine whether she had the capacity for carrying out the physical demands her position would entail. She was asked to lift weights ranging between 10 and 61 pounds. Rahla claims that when she lifted the heavier weight, she felt some pain in her neck but did not inform the individual administering the examination about the pain. She ultimately passed both the physical examination and the substance-abuse screening. The Medical Center officially hired her in the days that followed.

Some three weeks after the physical examination, Rahla reported to work. But the neck pain lingered. Not long after beginning this new position,

---

793 S.W.2d 795, 797-98 (Ky. 1990) (workers' compensation claims that are first judicially reviewed in the court of appeals may be appealed to the Kentucky Supreme Court as a matter of right).

2

she underwent neck surgery to correct her injury she allegedly received during the physical examination. She missed a considerable amount of work recovering from the operation. Because of the missed work, the Medical Center terminated her employment.

Rahla filed a Form 101 seeking compensation for the injury she sustained during the physical examination. The Medical Center denied her claim on the ground she was not an employee at the time of the injury. The ALJ agreed that at the time of her injury, Rahla was not "in the service of, under any contract of hire with, or performing any service in the trade, business, profession, or occupation of," the Medical Center.[3] Rahla appealed to the Workers' Compensation Board, which affirmed the ALJ's ruling. And a panel of the Kentucky Court of Appeals agreed that Rahla was not a Medical Center employee when she submitted for physical examination.

The sole issue before us today is whether an interpretation barring compensation for former employees injured while completing a condition precedent to employment is consistent with the text of the statute that serves as the basis for Rahla's claim. Because there are no factual disputes underlying this claim, we review the legal issue before us de novo, with no need to defer to decisions below.[4]

---

[3] KRS 342.640(4).

[4] *See Shelton v. Kentucky Easter Seals Soc., Inc.*, 413 S.W.3d 901, 905 (Ky. 2013).

3

## II. ANALYSIS.

The Kentucky Worker's Compensation Act offers a sweeping understanding of who, precisely, is an "employee" protected under its statutory plan. In addition to covering individuals formally employed or acting under contract[5], the Act also includes "[e]very person performing service in the course of the trade, business, profession, or occupation of an employer at the time of the injury."[6] So under the statutory plan, Rahla potentially qualifies under two scenarios: either she was employed at the time of the examination, or the physical examination conferred some sort of benefit to the Medical Center's business.

Nothing in the record suggests Rahla was employed by the Medical Center when she participated in the physical examination. She received confirmation of her hiring *after* the examination was completed. And her first day of work at the Medical Center occurred three weeks later. It is clear from the Medical Center's tentative offer that a successful physical examination and drug screening was an express condition precedent to formal employment. So Rahla does not qualify as an employee under KRS 342.640(1).

Rahla's claim thus turns on whether completing the physical examination is a "service" in the course of the Medical Center's business. We have expanded on this qualification, holding that the Act "protects workers who are injured while performing work in the course of the employer's business by considering

---

[5] KRS 342.640(1).

[6] KRS 342.640(4).

4

them to be employees despite the lack of a formal contract for hire, unless the circumstances indicate that the work was performed with no expectation of payment."[7] There are two key takeaways from this elaboration in light of Rahla's claim. First, we do not consider the physical examination "work" in furtherance of the Medical Center's business. Rahla offered the Medical Center no material benefit; in fact, she was the primary beneficiary of the examination. It is of no consequence to the Medical Center whether she completed the examination or not.

Second and most critically, we envision no scenario where Rahla could possibly expect payment for the physical examination, even absent the Medical Center's clear statement that passing the physical is prerequisite to official employment. In fact, had she failed the physical examination and the Medical Center declined her employment, we doubt this claim would even exist. No employment relationship existed with the Medical Center when the injury occurred. And we will not go beyond the Act's comprehensive sweep of a qualifying "employee" to a much broader relationship *ex nihilo*. The text of the statute denies her compensation because she was not an employee at the time of her injury.

But Rahla offers a number of critiques to rebut what would appear to be the plain meaning of the statute serving as the basis for her claim. Perhaps most persuasively, she suggests this type of claim is found in Larson's Workers' Compensation treatise. Indeed, Larson seems to contemplate that it is

---

[7] *Hubbard v. Henry*, 231 S.W.3d 124, 130 (Ky. 2007).

5

"appropriate to treat a pre-employment physical examination as part of the employment" but also recognizes that "some courts have not for a variety of reasons."[8] Larson even directly cited two states—Pennsylvania and North Carolina—that do not follow this approach.[9] This Court holds Larson's treatise in high regard, but Kentucky appears to be among those jurisdictions choosing not to treat this pre-employment examination as employment for purposes of workers' compensation coverage.

The section of Larson's treatise Rahla relies upon in making this claim spends a great deal of time considering try-out periods in the hiring process and its effect on workers' compensation coverage. It is of no coincidence that the only Kentucky case she cites invokes that particular circumstance. In *Hubbard v. Henry*, an employee agreed to work as a timber cutter on a trial basis, and without pay, to demonstrate his ability to his prospective employer.[10] The employee of course injured himself, but we held he was entitled to workers' compensation coverage despite the lack of a formal employment relationship.[11] This was totally consistent with Larson's statement on try-out period coverage when the "injury flows directly from employment activities or conditions,"[12] and the statute's command that an employee is

---

[8] 2 Lex K. Larson, Larson's Workers Compensation, § 26.02(6).

[9] *Id.*

[10] 231 S.W.3d 124 (Ky. 2007).

[11] *Id.*

[12] Larson at § 26.02(6).

covered if "performing service in the course of the trade, business, profession. . ."[13]

While we have endorsed the try-out period approach, we have not taken the same action with regard to pre-employment medical screenings.

Rahla could not point to any Kentucky case law following her approach; instead she frames the issue as one of first impression to this Court. But as the Medical Center correctly points out, that is not the case. In *Honaker v. Duro Bag Manufacturing Co.*, we held that that if employment is contingent upon a pre-employment physical examination, that individual is not covered as "employed" until the examination is completed.[14] The workers' compensation statutes attempt to restore an employee's lost wages—wages that were assumed to have existed at the time of the injury.[15] Without any evidence of an employment relationship between Rahla and the Medical Center, we cannot conclude she was employed at the time of her injury.

In interpreting statutory commands from the legislature, we cannot derive meaning from what is absent in the text. Whether the legislature intended to cover claims like Rahla's is not our prerogative. And no matter what degree of esteem we hold Larson's contributions to workers' compensation law, we cannot adopt his position when the statute does not.

---

[13] KRS 342.640(4).

[14] *See* 851 S.W.2d 481, 483 (Ky. 1993). Though *Honaker* admittedly focused on an employee's misrepresentations in the hiring process, we still unambiguously held that complete fulfillment of conditions precedent to a valid contract-for-hire are mandatory for coverage under the statute.

[15] *See Kentucky Farm & Power Equipment Dealers Assoc., Inc. v. Fulkerson Bros. Inc.*, 631 S.W.2d 633, 635 (Ky. 1982).

Kentucky law offers a comprehensive definition of qualifying employees and none of them describes Rahla's status at the time of her injury. We must accordingly affirm the lower courts and dismiss her claim.

### III.    CONCLUSION.

For the reasons stated above, we affirm the Court of Appeals' holding.

All sitting. All concur

COUNSEL FOR APPELLANT:

Phillipe W. Rich

COUNSEL FOR APPELLEE MEDICAL CENTER AT BOWLING GREEN:

Whayne Cravens Priest III
English, Lucas, Priest & Owsley, LLP