RENDERED: OCTOBER 7, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0785-WC

JAMES RAY FOLEY                                                                 APPELLANT

PETITION FOR REVIEW OF A DECISION
v.          OF THE WORKERS' COMPENSATION BOARD
ACTION NO. WC-20-00322

PEGASUS TRANSPORTATION/CRST
INTERNATIONAL; INDEMNITY
INSURANCE OF NORTH AMERICA;
HONORABLE THOMAS G. POLITES,
ADMINISTRATIVE LAW JUDGE;
AND WORKERS' COMPENSATION
BOARD                                                                              APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; CETRULO AND McNEILL, JUDGES.

McNEILL, JUDGE: On March 11, 2018, Appellant, James Ray Foley (Foley),

sustained serious injuries resulting from an automobile collision. He was driving a

vehicle rented for him by his prospective employer, Pegasus Transportation/CRST

International (Pegasus). More specifically, after Foley had applied for a truck driver position with Pegasus and it was determined that he was initially qualified, Pegasus invited Foley to come to their Louisville facility to complete the requirements necessary for an offer of employment. The purpose of providing Foley with a rental vehicle is that if he was hired, he could leave the rental vehicle in Louisville and begin driving for Pegasus, without leaving his personal vehicle there and necessitating further delay. The collision and resulting injuries at issue here occurred the day before Foley was scheduled to drive to Louisville.

Foley subsequently filed his Form 101, Application for Resolution of Workers' Compensation Claim. After a final hearing on the matter, the Administrative Law Judge (ALJ) issued a sixteen-page opinion and order dismissing Foley's claim on the basis that there was no employer-employee relationship at the time of the underlying injury. Foley petitioned the ALJ for reconsideration, which was denied. He then appealed to the Workers' Compensation Board (Board), which unanimously affirmed the ALJ's determinations. Foley now appeals to this Court as a matter of right. Having reviewed the record and the law, we affirm.

## STANDARD OF REVIEW

The ALJ has "the sole discretion to determine the quality, character, weight, credibility, and substance of the evidence, and to draw reasonable

inferences from the evidence." *Bowerman v. Black Equipment Co.*, 297 S.W.3d 858, 866 (Ky. App. 2009). Therefore, "appellate courts may not second-guess or disturb discretionary decisions of an ALJ unless those decisions amount to an abuse of discretion." *Id.* (citing *Medley v. Bd. of Educ., Shelby County*, 168 S.W.3d 398, 406 (Ky. App. 2004)). "If the reviewing court concludes the rule of law was correctly applied to facts supported by substantial evidence, the final order of the agency must be affirmed." *Kentucky Unemployment Ins. Comm'n v. Cecil*, 381 S.W.3d 238, 246 (Ky. 2012) (citing *Brown Hotel Co. v. Edwards*, 365 S.W.2d 299, 302 (Ky. 1962)). "Substantial evidence means evidence of substance and relevant consequence having the fitness to induce conviction in the minds of reasonable men." *Smyzer v. B.F. Goodrich Chem. Co.*, 474 S.W.2d 367, 369 (Ky. 1971) (citation omitted). "However, a reviewing court is entitled to substitute its judgment for that of the agency where the agency's ruling is based on an 'incorrect view of the law.'" *Fresenius Medical Care Holdings, Inc. v. Mitchell*, 507 S.W.3d 15, 19 (Ky. App. 2016) (quoting *Kentucky Bd. of Nursing v. Ward*, 890 S.W.2d 641, 642 (Ky. App. 1994)). With these standards in mind, we now turn to the merits of the present case.

## ANALYSIS

Foley argues that the ALJ and Board erred by: 1) failing to find an implied employment contract between Foley and Pegasus; and 2) failing to find

that Foley was an employee by virtue of performing services that benefitted Pegasus at the time of his injury.  As to his first argument, Foley specifically contends that he had been promised employment by Pegasus' recruiters and that he relied on those promises to his detriment.  The ALJ addressed these issues most succinctly in its order denying Foley's petition for reconsideration as follows:

> Essentially [Foley] argues that because of the assurances of employment made by [Pegasus], [Foley] engaged in activities as part of his subjective belief of employment in which he suffered his injury therefore the promises made by [Pegasus'] personnel to him in the hiring process were sufficient to compel a finding of employment by estoppel.  [Foley] cites *UPS v. Rickett*, 996 S.W.2d 464 (Ky. 1999) in support.  As noted in the Opinion there is no dispute in this claim that [Pegasus] made assurances or promises to [Foley] that, if he successfully performed them, he would be hired.  These promises were to present himself in Louisville on Monday morning for participation in the remainder of the hiring process, perform and pass a road test, pass a drug screen, and complete other paperwork.  [Foley] did not complete any of these requirements as a result of his motor vehicle accident and the ALJ ruled that [Foley] was not far enough along in the hiring process to be considered an employee as a matter of law. . . .  The fact remains, as set forth in the Opinion, that the Kentucky Supreme Court seemed to make clear in [*Rahla v. Medical Center at Bowling Green*, 483 S.W. 3d 360 (Ky. 2016)], that injuries that occur during the preliminary aspects of the hiring process are not deemed to have occurred in the course and scope of employment and that is the exact situation the facts here present. . . .
>
> [Foley] also argue[s] that [he] was performing services that benefited [Pegasus] at the time of his injury . . . .  At no time was [Foley] herein performing work for

[Pegasus] and as such, [Foley's] Petition on this issue is without basis.

In so holding, the ALJ addressed the additional authority argued by Foley. *See Hubbard v. Henry*, 231 S.W.3d 124 (Ky. 2007) (finding that employment relationship existed where claimant was actually performing work activities for the employer on a trial basis); and *Gaines Gentry Thoroughbreds/Fayette Farms v. Mandujano*, 366 S.W.3d 456 (Ky. 2012) (applying the "coming and going rule" to hold in favor of an admitted employee who was injured while returning from a work trip, although the employee delayed his return due to other reasons).

In its opinion affirming the ALJ, the Board also addressed Foley's arguments and authorities at length, ultimately agreeing that Foley's claim was properly dismissed. We also conclude that the ALJ's opinion was based on substantial evidence, *i.e.*, "evidence of substance and relevant consequence having the fitness to induce conviction in the minds of reasonable men." *Smyzer*, 474 S.W.2d at 369 (citation omitted). More precisely, the ALJ meticulously discussed the relevant evidence, observed that which favored both parties, and ultimately found Pegasus' evidence most convincing. This is squarely within the province of the ALJ. And having considered the legal authority cited by Foley and discussed by the underlying tribunals, we certainly cannot say that the ALJ's ruling is based on an "incorrect view of the law." *Mitchell*, 507 S.W.3d at 19 (internal quotation

marks omitted).  Therefore, we ultimately conclude that the ALJ did not abuse his discretion here.

## **<u>CONCLUSION</u>**

For the foregoing reasons, we hereby affirm the Board, affirming the decision issued by the ALJ.


ALL CONCUR.


| BRIEF FOR APPELLANT: | BRIEF FOR APPELLEE CRST INTERNATIONAL/PEGASUS TRANSPORTATION: |
|---|---|
| John F. Kelley, Jr.<br>London, Kentucky |  |
|  | Johanna F. Ellison<br>Lexington, Kentucky |